UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANAG TAHATAN-BEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY PRIME MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No.  25-cv-07345-WHO<br><br>**ORDER ON PENDING MOTIONS**<br>Re: Dkt. Nos. 34, 38, 39, 40, 41, 43, 47 |

There are numerous pending motions filed by plaintiffs Wanag Tahatan-Bey and Tanya Stutson Bey (collectively "Beys") and defendants Planet Home Lending, LLC and two of its officers, Michael Dubeck and Paul Walker (collectively, "Planet Home Lending") and Equity Prime Mortgage, LLC.  In short, the Beys have not alleged a viable cause of action against either set of defendants.  For the reasons explained below:

- Plaintiffs' Motion for Abatement and Remand is DENIED.

- Plaintiffs' Motion for a Stay is DENIED.

- Plaintiffs' Motion to Strike Planet Home Lending's Motions to Dismiss is DENIED.

- Defendants' Planet Home Lending Motions to Dismiss are GRANTED.

- Plaintiffs' Motion for Leave to File an Amended Complaint is GRANTED.

- Defendant Equity Prime Mortgage's Motion for Judgment on the Pleadings is GRANTED.

I.    **BACKGROUND AND PLAINTIFFS' RENEWED MOTION TO REMAND [DKT. NO. 34]**

The Beys filed two cases in the Superior Court for Contra Costa County.  See Dkt. No. 1-2 ("Complaint"); *see also* Complaint in Case No. 25-8524 ("Second Complaint").  They assert claims against Planet Home Lending and Equity Prime Mortgage relating to a mortgage loan for a property at 3684 Mallard Cr, Antioch, California.  *See generally* Complaint, Second Complaint.

The Beys allege that Equity Prime Mortgage issued a mortgage loan and note ("Note") in the amount of $751,991 on the property, but then illegally securitized the note. *See generally* Complaint, Second Complaint. They also allege that Planet Home Lending is the servicer on the loan and Note but is illegally attempting to collect monthly mortgage payment because the Beys "extinguished" the loan through filings and notices submitted to the IRS. *See generally* Complaint, Second Complaint. They contend that the conduct of both sets of defendants violated various federal statutes and regulations and state laws, asserting causes of action for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), unjust enrichment, quiet title, breach of contract, violation of the Truth in Lending Act ("TILA," 15 U.S.C. § 1601 *et seq*.), violation of federal laws regarding Real Estate Mortgage Investment Conduits ("REMICs," 26 U.S.C. §§ 860A–860G), and violation of California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code 17200 et seq.). *See* Complaint; Second Complaint.

Defendants removed the cases to this court, and the Beys filed a motion to remand in this case. *See* Dkt. No. 5. I denied remand, based on the Beys' assertion of federal claims and because any procedural defects in the removal process were cured. *See* December 1, 2025 Order, Dkt. No. 27. I also granted the defendants' motion to consolidate the two removed cases and ordered that all claims were deemed asserted in this case and all future filings should be made in this case. *Id*.

On December 3, 2025, the Beys filed a motion "to abate and remand" this case, arguing that removal was improper. Dkt. No. 34. The arguments raised in this motion were addressed in the December 1, 2025 Order. There are no grounds presented that could justifying reconsideration of that Order. *See* Civil Local Rule 7-9 (identifying requirements for a "Motion for Reconsideration").

The motion for abatement and to remand is DENIED.

## II.   PLAINTIFFS' MOTION FOR A STAY [DKT. NO. 47]

On January 26, 2026, the Beys filed a motion to stay, seeking to hold the rulings on defendants' motions to dismiss and for judgment on the pleadings in abeyance or, in the

United States District Court
Northern District of California

2

alternative, to extend briefing deadlines on the motions.[1]  Specifically, the Beys ask for these matters to be held in abeyance while plaintiffs seek records from the Internal Revenue Service ("IRS") regarding "alleged acceptance/processing of trust tax filings" and while California authorities investigate "alleged securities/closing violations by" Equity Prime Mortgage.  Dkt. No. 47.

In seeking a stay, the Beys clarified their theories of liability asserted in this case.  First, they assert that the alleged mortgage obligation being serviced by Planet Home Lending was "satisfied" through "trust-related tax reporting" and that plaintiffs need to secure copies of the documents submitted to the IRS to support their theory.  Dkt. No. 47 at 2.  Second, the Beys contend that the California Department of Financial Protection and Innovation is "investigating" Equity Prime Mortgage for "alleged securities/closing violations and unclean hands conduct tied to origination/closing" and because those findings are "likely to bear" on the claims and defenses in this case, this case should be stayed.  *Id*.

The Beys' motion for a stay is DENIED.  As discussed below, they have no legal support for their theories of wrongdoing by either set of defendants, much less material facts that could support a cognizable legal theory.  There is no justification for a stay or to continue the resolution of the pending motions.

### III. PLANET HOME LENDING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 38, 39] & PLAINTIFFS' MOTION TO STRIKE [DKT. NO. 41]

Planet Home Lending, whom the Beys allege is servicing the mortgage loan at issue, moves to dismiss all claims.  Dkt. Nos. 38, 39.[2]  The Beys did not file a formal "opposition" to Planet Home Lending's motions but instead filed a "motion to strike" and a request for judicial notice in support.  Dkt. Nos. 41, 42.  The motion to strike based on defendants' purported lack of standing to move to dismiss is DENIED.  Nonetheless, I consider all arguments the Beys raise in

---

[1] On January 23, 2026, I gave notice to the parties that the previously schedule January 28, 2026, hearing was vacated and that these motions would be determined on the papers without oral argument under Civil Local Rule 7-1(b).  *See* Dkt. No. 45.

[2] The motions to dismiss are directed at both the Complaint filed in this case and also the Second Complaint filed in Case No. 25-cv-8524.

United States District Court
Northern District of California

United States District Court
Northern District of California

their motion to strike and request for judicial notice when considering Planet Home Lending's motions to dismiss.

Planet Home Lending argues that the Bey's theory of liability is not cognizable and cannot support their claims for relief.  The Beys' central theory is that their mortgage debt stemming from the Note they signed with Equity Prime Mortgage has been "extinguished" through filings that the Beys submitted to the IRS.  In the Complaint and the filings in this court, the Beys assert that because they filed trust and tax reporting forms with the IRS (specifically forms 1041, K-1, and/or 1099-R) on behalf of their trust, the debt they owed pursuant to the Note was extinguished.  *See, e.g.*, Complaint (Dkt. 1-2); Request for Remand (Dkt. No. 5); Motion to Strike (Dkt. No. 41).

The Beys cite no legal authority – statutory, regulatory or case law – to support their theory that filing these federal forms with the IRS, and defendants' alleged failure "to respond" to those forms, somehow extinguished the mortgage debt and that Planet Home Lending is, therefore, precluded from continuing to collect on the debt.[3]  There is none.  All theories of liability against Planet Home Lending based on the purported "extinguishment" of the debt are DISMISSED as baseless.

In the motion to strike and request for judicial notice, the Beys argue that this court "lacks jurisdiction" to hear the motions to dismiss, because defendants have not demonstrated "injury in fact."  They attach to the request for judicial notice their demands for "Full Accounting and Disclosure" submitted to Planet Home Lending and Equity Prime Mortgage.  Dkt. Nos. 41, 42.  I have jurisdiction over this case and these defendants because the Beys included federal claims against the defendants under the FDCPA and TILA in their state court complaints.  Further, because plaintiffs *sued* defendants for defendants' purported violations of the laws and regulations, the question of Article III injury in fact of defendants is irrelevant to jurisdiction.

The Beys' FDCPA claim against Planet Home Lending is DISMISSED.  As noted above and below, the Beys have not alleged facts showing that Planet Home Lending is not the

---

[3] The Beys cite a number of federal tax forms and regulatory provisions, *see, e.g.*, Motion to Strike at 2-6, but fail to explain how those reporting and notice provisions could conceivably have extinguished the mortgage debt at issue in this case.  On their face, they do not.

United States District Court
Northern District of California

authorized servicer on their mortgage loan or that it has otherwise taken any steps prohibited under the FDCPA.

The Beys' "quiet title" claim is DISMISSED. To the extent this claim is based on the alleged "extinguishment" of the mortgage loan, it fails for the reasons described above. To the extent this claim is based on the theory that Equity Prime Mortgage "securitized" the debt, it also fails for the reasons described below. Other than these two theories, the Beys point to no facts or other legal theories that could support a claim that the title to the property at issue is clouded or subject to multiple claims.[4]

Plaintiffs' breach of contract claim is DISMISSED. The Beys have identified no contract or provision in a contract which Planet Home Lending could have allegedly beached or plausible facts supporting an alleged breach. *See* Second Complaint ¶ 24 (alleging only that Planet Home Lending failed to "credit trust distribution").[5]

The plaintiffs' claim for unjust enrichment and violation of California UCL both fail. As discussed above, no actionable legal claim or actionable injury has been alleged. Accordingly, there is no ground for unjust enrichment against Planet Home Lending. Similarly, there are no grounds alleged that could sustain a UCL claim against Planet Home Lending based on illegality, unfairness, or fraud. In addition, the Beys have failed to allege that they have lost money or property as a result of Planet Home Lending's acts as the servicer on their mortgage loan.[6]

All claims against Planet Home Lending from the Complaint and Second Complaint are DISMISSED. The Beys are given leave to amend. If the Beys can plead legal theories of injury

---

[4] To the extent the Beys contend they are entitled to a declaratory judgment to quiet title based solely on the fact the Note was securitized, that claim fails. *See* below.

[5] The Beys' TILA and REMIC claims appear to be based on the alleged failure to disclose the securitization of the mortgage debt by Equity Prime Mortgage. *See* Second Complaint. Planet Home Lending is not alleged to have taken any part in that securitization, which as discussed below is not actionable in any event. These claims are DISMISSED as to Planet Home Lending.

[6] A UCL claim may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Plaintiffs, therefore, must "demonstrate some form of economic injury," such as being deprived of money or property, or entering into a transaction costing money or property that would otherwise have been unnecessary. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

based on facts regarding acts by Planet Home Lending that **do not** depend on their theory that the mortgage debt was extinguished through IRS or other regulatory filings and notices and **do not** depend on the mere securitization of the Note, they may attempt to do so. Any amended complaint must be filed within thirty (30) days of the date of this Order.

### IV.    PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT [DKT. NO. 43]

In opposition to the Equity Prime Mortgage motion for judgment on the pleadings, the Beys filed a motion for leave to file an Amended Complaint. Dkt. No. 43. In that motion, the Beys seek to add specific factual allegations regarding Equity Prime Mortgage. Specifically, they assert that Equity Prime Mortgage did not fund the mortgage loan "in the manner disclosed at origination/closing" but instead "converted the transaction into a collateralized financing without transparent disclosure." Dkt. No. 43 at 6-7. The Beys allege that the securitization of their loan proceeds were "material facts that were not fully and fairly disclosed to Plaintiffs," and Equity Prime Mortgage continued to "present EPM-originated instruments and recorded documents as if EMP retained unbroken authority." *Id*. at 6. They contend that the securitization of the mortgage note created a cloud on title, a disputed chain of authority, and a separation of the note and deed of trust; had they been informed that Equity Prime Mortgage intended to securitize the Note, they would not have entered the transaction "on the same terms" and have been injured by the cloud on title, unclear chain of authority, exposure to competing claims and "loss of benefit of a transparent creditor relationship." *Id*. at 7.

Equity Prime Mortgage opposes granting leave to amend based on futility. It argues that leave should be denied because the Beys' claims fail as a matter of law, and also because the proposed amendment does not plead any new, material facts. Dkt. No. 44.

For the reasons explained below, I agree that the Beys' claims against Equity Prime Mortgage based on either the "extinguishment" of the loan or the failure to disclose the securitization of the Note fail and are barred as a matter of law. That notwithstanding, I **GRANT** the motion for leave to amend. In considering Equity Prime Mortgage's motion for judgment on the pleadings, I will consider *all* of the facts alleged and legal arguments raised in proposed amendment as discussed below. But it bears emphasis that none of the facts in the amendment at

United States District Court
Northern District of California

Dkt. No. 43 save the Beys claims against Equity Prime Mortgage.

## V.      EQUITY PRIME MORTGAGE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 40]

Equity Prime Mortgage argues first, as Planet Home Lending argues above, that plaintiffs' theory that somehow through their own filings with the IRS, the mortgage loan has been satisfied or otherwise extinguished is not an actionable theory.  Dkt. No. 40 at 7-9.  I agree.  The Beys cannot argue that Equity Prime Mortgage is somehow liable to them, or that the debt obligation created by the Note plaintiffs entered into with Equity Prime Mortgage was extinguished, by the Beys' filing of forms with the IRS or Equity Prime Mortgage's failure to respond to notices or requests by the Beys to confirm the debt was extinguished.  There is no legal basis to support these theories and the theories fail as a matter of law.

Equity Prime is also correct that the Beys cannot – as a matter of law based on judicially noticeable facts – state a claim based on the failure to notify them of the alleged securitization of the note by Equity Prime Mortgage.  Section 20 of the Deed of Trust expressly authorizes the sale or assignment of the Note and Deed of Trust *without* notice to the borrowers and states that any transfer does not alter the borrower's obligations under the Note.  *See* Dkt. No. 40-3 at pg. 10.  As a result, the Beys cannot claim that the failure to disclose the securitization of the loan violates the terms of the contract or caused any actionable harm to the Beys.[7]

While the Beys argue they have been damaged by a cloud on title and inability to verify the true party entitled to enforce the Note, there are *no facts* alleged that the Beys have been subjected to demands from different entities for mortgage payments or any other harm to the Beys.  Numerous courts have explained that securitization of loans, even where there were errors in the securitizations, does not alter a plaintiff's repayment obligations or otherwise cause harm to the

---

[7] Nor could a tort claim (*i.e.*, negligent or intentional infliction of emotional distress) or similar type of claim be alleged based on a failure to disclose securitization of the Note.  The mere existence of a borrower-lender or borrower-servicer relationship is insufficient to create a fiduciary duty that would support a tort claim for failure to disclose.  *See Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1201 (N.D. Cal. 2010) (recognizing "settled California law" that the relationship between a lending institution and a borrower is not fiduciary in nature); *see also Sheen v. Wells Fargo Bank*, N.A., 12 Cal. 5th 905, 915 (2022) (concluding lenders or servicers do now owe borrowers a tort duty sounding in general negligence principles).

borrowers or give them a right to sue based on the securitization itself. *See, e.g., Simmons v. Aurora Bank, FSB*, 5:13-CV-00482 HRL, 2013 WL 5508136, *2 (N.D. Cal. Sept. 30, 2013) ("Even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations."); *Flores v. GMAC Mortg., LLC*, No. C 12-794 SI, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013) (recognizing that "since an assignment 'merely substituted one creditor for another, without changing [the plaintiff's] obligations under the note," the borrower was not harmed even were there some defect in the manner in which the loan was assigned.") (quoting *Fontenot v. Wells Fargo Bank, N.A.*,. 198 Cal.App.4th 256, 272 (2011)).

The claims the Beys assert against Equity Prime Mortgage in the Complaint and Second Complaint – declaratory judgment, unjust enrichment, breach of contract, UCL, TILA, REMIC – fail as a matter of law for the same reasons. They are based solely on the Bey's non-actionable theories that their Note was extinguished or based on the securitization of the Note, which was permitted by the Deed of Trust. Judgment is entered in favor of Equity Prime Mortgage on all claims based on those non-actionable theories. If the Beys can allege violations of specifically identified laws against Equity Prime Mortgage **not** based on the theory that their mortgage obligation was "extinguished" or based on the securitization of the Note, they may do so by filing an Amended Complaint within thirty (30) days of the date of this Order.

## CONCLUSION

Plaintiffs' Motion for Abatement and Remand is DENIED. Plaintiffs' Motion for a Stay is DENIED. Plaintiffs' Motion to Strike Planet Home Lending's Motions to Dismiss is DENIED. Defendants' Planet Home Lending Motions to Dismiss are GRANTED. Plaintiffs' Motion for Leave to File an Amendment to the Complaint is GRANTED. Defendant Equity Prime Mortgage's Motion for Judgment on the Pleadings is GRANTED.

If the Beys can state claims, supported by plausible facts, that either set of defendants took acts in violation of specifically identified laws – and consistent with this Order **not** based on plaintiffs' theories regarding the "extinguishment" of the mortgage loan through IRS and regulatory filings and or the mere fact the Note was securitized – then plaintiffs may file an

Amended Complaint within thirty (30) days of the date of this Order.

In any Amended Complaint, the Beys shall identify which causes of action are asserted against which defendants and what specific acts each defendant is alleged to have taken that caused them identified harms.

**IT IS SO ORDERED.**

Dated: February 25, 2026

William H. Orrick
United States District Judge