**Wanag Tahatan-Bey**
**Tanya Stutson-bey**
**c/o 2730 W. Tregallas Rd. #3972**
**Antioch, California 94509**
**PH: (925) 477-9454**
**Email: wanagtahatan65@yahoo.com**



FILED

MAR 05 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Wanag Tahatan-Bey, Tanya Stutson-Bey,**

**Plaintiff,**

v.

**EQUITY PRIME MORTGAGE, LLC ("EPM");**

**PLANET HOME LENDING, LLC ("PHL"); DOES 1–50,**

**Defendants.**

Case No. 3:25-cv-07345-WHO

Judge; Hon William H. Orrick

Demand for Trial by Jury

## AMENDED COMPLAINT PURSUANT TO JUDGE ORDER

### I. INTRODUCTION

1. Plaintiff files this Amended Complaint to comply with the Court's directive to identify which causes of action are asserted against which Defendant and what specific acts each Defendant is alleged to have taken that caused the identified harms. This pleading separates Defendant conduct by actor (EPM versus PHL), pleads dates and documents where available, and ties each Defendant's acts to concrete injuries.

2. Plaintiff raises all allegations respectfully and to preserve the record. Plaintiff does not impugn any person's integrity. Plaintiff seeks transparency, due process, and adjudication on a complete factual record so the public integrity of an unbiased tribunal and the appearance of fairness are maintained.

3. This AC also clarifies Plaintiff's core contention: Defendants need not show Article III "injury-in-fact" to file a Rule 12 motion; however, Defendants must have and be able to substantiate a lawful basis and authority for the collection/enforcement positions they take. Plaintiff pleads concrete facts showing (a) inconsistencies in Defendants claimed authority and (b) failures to provide legally required accounting and reconciliation that prevent verification of the alleged balance and lawful entitlement to collect or enforce.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action includes federal claims under [FDCPA/TILA — retain only if pleaded].

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims because they arise from the same nucleus of operative facts concerning the loan transaction, servicing/collection activity, and accounting/records requests.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District and the subject property is located in this District: 3684 Mallard Ct, Antioch, CA 94509 ("Property").

## III. PARTIES

6. Plaintiff Wanag Tahatan-Bey and Tanya Stutson-Bey are natural person(s) protection pursuant to HJR-48 and domicile on California soil.

7. Defendant EPM, Equity Prime Mortgage, LLC, is a mortgage lender/originator that originated and/or funded the loan at issue and performed or caused to be performed origination and transaction-level actions described below.

8. Defendant PHL, Planet Home Lending, LLC, is a mortgage servicer and/or debt collector that engaged in post-origination servicing and collection activity described below.

9. Does 1–50 are unknown persons or entities involved in origination, assignment, securitization, servicing, foreclosure/post-foreclosure accounting, and/or collection. Plaintiff will amend when identified.

## IV. CLAIM–DEFENDANT MAP (REQUIRED BY COURT)

10. Plaintiff asserts the following causes of action against the following Defendants:

| Cause of Action | Defendant(s) |
|---|---|
| Count 1 — Cal. Com. Code § 9-210; remedies under § 9-625 | PHL and EPM (each as applicable to receipt/noncompliance) |
| Count 2 — Cal. Bus. & Prof. Code § 17200 (UCL) | PHL and EPM |
| Count 3 — FDCPA, 15 U.S.C. § 1692 et seq. (optional) | PHL only (to the extent PHL qualifies as a "debt collector") |
| Count 4 — TILA, 15 U.S.C. § 1601 et seq. (optional) | EPM (and PHL only if specific servicer duties and timeliness are pleaded) |

11. If Plaintiff does not assert FDCPA and/or TILA in the amended pleading, Plaintiff will delete Counts 3–4 and conform the jurisdictional allegations accordingly.

## V. FACTUAL ALLEGATIONS (SEPARATED BY DEFENDANT ACTOR)

### A. The Loan and Property

12. The mortgage loan relates to the Property located at 3684 Mallard Ct, Antioch, CA 94509.

13. On or about March 19, 2024, Plaintiff entered a mortgage loan transaction associated with EPM loan number [4002426855] and servicing loan number [PHL Loan No. 9102417425] (the "Loan"). The Loan is associated with VA Loan/Case No. 43-43-6-1749892 and MIN 1007077-0000483639-0, inactive.

14. Plaintiff alleges that after EPM derecognition of assets and/or after servicing transfer, PHL continued to assert rights to collect and/or otherwise demand money on an alleged obligation while failing to provide complete accounting, reconciliation, and authority documentation necessary to verify the claimed balance and lawful entitlement to enforce or even claimed rights to service, collect, or enforce obligations associated with the Loan, but withheld transaction-level accounting and reconciliation needed to verify: (a) the alleged balance, (b) the authority of the party demanding payment, and (c) the application of any credits, recoveries, reversals, derecognition entries, or third-party proceeds.

### B. Core Theory: Lack of Authority/Entitlement to Collect or Enforce (as pleaded with concrete facts)

15. Plaintiff alleges that PHL collection/enforcement authority must be traceable to enforceable rights and accurate accounting. Plaintiff pleads that PHL withheld the very ledgers, reconciliation, and authority documentation that would allow verification of (a) who is entitled to enforce, (b) what the true balance is after credits/proceeds, and (c) whether PHL asserted positions reflect duplicative or inconsistent collection.

16. PHL double-collection (Double-dip) allegation  pleaded as reconciliation issue (not a label): PHL continued to demand and/or assert a balance while refusing to provide a complaint Cal. Com. Code Sec. 9-210 accounting and refusing to reconcile specific inconsistencies identified by Plaintiff, including documents and reporting reflecting amounts treated as distributions/credits in connection with the Loan/transaction (including Schedule K-1 (Form 1041) date April 25, 2025 and related forms (1099-R/1099-B/1099-C) identified in **EXHIBIT (A). also see 9-210 demand included in exhibit(a).**

17. These omissions are material because they prevent Plaintiffs from verifying the true balance and whether credits, proceeds, recoveries, charge-off, reversals, or third-party payment were applied. Plaintiffs allege concrete harms from this lack of transparency, including out-of-pocket dispute/investigation costs and continuing inability to verify or correct the account status.

(3).

**PHL-2. Failure to respond timely and fully to Plaintiff's Cal. Com. Code § 9-210 request**

18. WTB , Plaintiff sent PHL an authenticated written request for an accounting and related information under Cal. Com. Code § 9-210 ("PHL 9-210 Request"), delivered by [certified mail / registered mail / trackable service] and received on [date] (proof of delivery to be attached as an exhibit).

19. The PHL 9-210 Request demanded, among other things: (a) the unpaid balance claimed due; (b) a complete itemized payment history and transaction code history; (c) escrow ledger and escrow disbursement history; (d) suspense ledger; (e) corporate advances and recoveries; (f) identification of the entity PHL claims owns the Loan and the basis of PHL's authority; (g) any charge-off/charge-back, reversal, credit, settlement proceeds, insurance proceeds, or third-party payments applied; and (h) identification of the person/entity that PHL contends is entitled to enforce.

20. PHL failed to respond within the statutory period and/or provided a response that was materially non-compliant because it omitted**: the billing error submitted SEE Exhibit (B).**

21. Harm: PHL's failure deprived Plaintiff of the ability to verify the claimed balance and authority, forced Plaintiff to incur additional dispute costs of at least $2,500 but not limited to, and caused continuing injury by enabling continued collection demands without the statutorily required accounting.

**PHL-3. Failure to reconcile specific inconsistencies raised by Plaintiff**

22. Plaintiff notified PHL on [date] of specific inconsistencies between (a) PHL's ongoing collection posture and (b) documents and reporting reflecting amounts treated as distributed/credited in connection with the Loan/transaction, including Schedule K-1 (Form 1041) dated April 25, 2025 and related forms [1099-R/1099-B/1099-C/other] (to be attached as exhibits (a)).

23. Plaintiff demanded that PHL reconcile in writing how the alleged balance remained due after accounting for the specific amounts reflected in the identified documents, and demanded a full accounting showing all credits and application of proceeds.

24. PHL failed to provide a coherent, itemized reconciliation and continued collection activity and/or account assertions without producing the requested accounting.

25. Harm: Plaintiff incurred additional out-of-pocket costs and suffered ongoing harm from unverified demands and inability to correct or clarify the account status, including impairment of Plaintiff's ability to make informed decisions, pursue record correction, and protect against improper or duplicative collection.

## C. EPM'S SPECIFIC ACTS (ORIGINATION / TRANSFER / RECORDS / ACCOUNTING)

### EPM-1. Origination-level conduct and custody/control of origination funding and closing accounting

26. EPM originated and/or funded the Loan on March 19, 2024, and caused origination documentation, funding records, and closing accounting to be created and maintained, including but not limited to [closing disclosure/HUD-1 or settlement statement, wire instructions, funding ledger, warehouse line draw/repay records, post-closing audit records, abstract of title].

27. Plaintiff requested origination funding and transaction accounting from EPM to no avail, including documentation sufficient to trace money movement and recognition of the loan asset and any subsequent transfer/sale. **SEE Exhibit (C) Full comprehensive accounting request.**

28. EPM failed to produce a complete origination funding ledger and transaction accounting responsive to Plaintiff's request, including [wire confirmations, warehouse line records, loan purchase/sale accounting entries, transfer documentation, reconciliation showing recognition/derecognition].

29. Harm: EPM's withholding of origination funding/transaction records prevented Plaintiff from verifying the transaction's accounting integrity and chain of authority and forced Plaintiff to incur investigative and dispute costs totaling at least $[amount].

### EPM-2. Transfer/sale/assignment-related acts creating uncertainty about authority and balance

30. EPM caused or participated in transfer/sale/assignment of interests associated with the Loan including [assignment(s) recorded at county as Instrument No. endorsements, allonges, servicing transfer notices].

31. These transfer-related acts, and the absence of complete supporting accounting, created material uncertainty concerning who holds the economic interest, who is entitled to enforce, what consideration was paid, and how proceeds and credits were applied.

32. Harm: This uncertainty directly impaired Plaintiff's ability to verify the balance being demanded by PHL and to obtain transparent reconciliation of credits, proceeds, and authority; Plaintiff incurred expenses and suffered continuing injury from the lack of clarity and documentation.

(5).

**EPM-3. Derecognition/off-balance-sheet allegations pleaded as a records-and-reconciliation injury origination-level conduct and custody/control of origination funding and closing accounting**

33. EPM derecognition allegation pleaded as accounting/record issue (not a label): on information and belief, EPM treated the Loan as sol/transferred/monetized and derecognized from its balance sheet at one or more points. Plaintiff alleges on information and belief that EPM's internal accounting treatment of the Loan included recognition/derecognition events associated with sale/transfer/monetization that should be reflected in transaction accounting and reconciliation.

34. Plaintiff pleads this as a specific records and reconciliation failure: EPM has not produced the accounting and source documents needed to show when and how the Loan asset and associated cashflows were recognized, transferred, or derecognized, and how proceeds/credits were applied. These transfer-related acts, and the absence of complete supporting accounting, create material uncertainty concerning who holds the economic interest, who is entitled to enforce, what consideration was given by EPM after Plaintiff credit-application with their signature subscription that was converted into a security "Negotiable Instrument" for EPM to get line of credit to apply to mortgage transaction during closing process.

35. **Concrete Harm:** This uncertainty directly impairs Plaintiffs ability to verify the balance being asserted by PHL and to obtain transparent reconciliation of credits, proceeds, and authority; Plaintiff incurred expenses and continues to suffer injury from the lack of clarity and documentation. Without EPM records, Plaintiff cannot verify whether amounts demanded post-origination reflect duplicative collection or failure to credit proceeds—concrete injury exacerbated by PHL's ongoing collection activity without reconciliation.

## VI. PLAINTIFF'S CONCRETE INJURIES (STANDING)

36. Plaintiff has suffered and continues to suffer concrete injuries including:

- a. Out-of-pocket costs (postage, certified mail fees, copying, notary, travel, administrative costs) totaling at least $[2,500 but not limited to];
- b. Continued collection activity and asserted balances without the accounting required to verify accuracy and authority;
- c. Inability to obtain transparent reconciliation of the alleged balance due to Defendants' withholding of itemized ledgers and transaction histories; and
- d. Ongoing impairment of Plaintiff's ability to correct records, evaluate settlement, and protect against improper or duplicative collection.

## VII. LEGAL FRAMEWORK INCORPORATED FOR PLEADING PURPOSES (NOT EVIDENCE)

37. Plaintiff incorporates paragraphs 1–36.

38. Article III Standing (plaintiff): A plaintiff must allege an injury in fact that is concrete and particularized and actual or imminent, fairly traceable to the defendant's conduct, and likely redressable by a favorable judicial decision. **Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560-61 (1992)**. A statutory violation alone does not automatically establish standing; the injury must be "Concrete." **Spokeo, Inc. v. Robins, 578 U.S. 330, 340-41 (2016)**. Damages claims require concrete harm: no concrete harm, no standing." **TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2200 (2021)**. Plaintiffs plead concrete, real-world harms as set forth herein amended complaint.

39. Authority/Entitlement to Enforce (Merits/ Real-Party-in-Interest Concepts): Plaintiff's claims also turn on whether Defendants can support the collection/enforcement positions they took with the accounting and authority documentation Plaintiff demanded. Under California's Commercial Code, entitlement to enforce an instrument is generally addressed By **Cal. Com. Code Sec. 3301** and other related provisions (and the related duty to provide accounting where applicable). Plaintiff pleads Defendants' failure to produce the accounting and authority records needed to verify the demanded balance and entitlement to enforce. By omitting required categories of information including [list omissions for each Defendant separately] creates uncertainty and a denial of affirmative prosecution in seeking the truth and nothing but the truth.

40. Post-foreclosure standing to challenge void assignments under California law; to the extent Defendants' asserted authority depends on assignments, Plaintiff alleges post-foreclosure injuries and pleads that California recognizes borrower standing, in a wrongful foreclosure posture, to challenge an allegedly void assignment. **Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919 (2016)**.

41. Limits on pre-foreclosure **"authority to foreclose"** suits: Plaintiff pleads a post-foreclosure dispute and does not seek a purely preemptive pre-foreclosure injunction. California appellate authority has generally rejected preemptive suits to test authority to foreclose before a sale. **Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011)**. The Ninth Circuit has likewise discussed California law rejecting preemptive challenges before a foreclosure sale. **Perez v. Mortg. Registration Sys., Inc., 959 F.3d 334 (9th Cir. 2020)**.

42. Real Party in Interest: To the extent Defendants argue the wrong party is before the Court, Rule 17(a)(3), provides that a court should allow a reasonable time for ratification, joinder, or substitution of real party in interest after an objection. Fed. R. Civ. P. 17(a0(3). Plaintiff pleads that Defendants withheld accounting and authority records prevent transparency regarding the real party in interest and entitlement to enforce.

: continuing to demand payment and/or assert balances while withholding a complete, itemized accounting and reconciliation after authenticated requests; failing to respond timely/fully to § 9-210 requests; and failing to reconcile identified inconsistencies after notice.

43. EPM's unlawful/unfair/fraudulent acts include: withholding origination funding/transaction accounting and transfer documentation responsive to authenticated requests; participating in transfer/assignment activity without producing accounting that reconciles proceeds and credits; and maintaining incomplete records that facilitate downstream collection without transparent reconciliation.

44. Defendants' conduct is likely to deceive reasonable consumers and is unfair because it undermines transparency, prevents verification of authority/balance, and enables improper or duplicative collection.

45 Plaintiff seeks restitution and injunctive relief to prevent ongoing unfair practices and to compel transparent accounting and reconciliation.

**COUNT 1— Cal. Com. Code Sec. 9-210 (Requesting for Accounting) remedies under Sec. 9-625**

(Against EPM and PHL)

46. Plaintiff incorporates paragraphs 1–45.

47. Plaintiff made authenticated written requests for an accounting and related information under Cal. Com. Code sec. 9-210 to EPM/PHL and (QWR)November 15, 2025, November 17, 2025 and December 7, 2025 and again February 10, 2026  comprehensive 9-210 full accounting to no avail and for the record Plaintiff gave notice to both Attorney of record Case no. 3:25-cv-07345-WHO , Financing Statement Doc-2026-0011769 regarding IRS reporting Schedule K-1 (form 1041) as it relates to Satisfaction of Full Settlement recorded in Contra Costa County, unrebutted, or any objection by EPM/PHL; the recording of Financing  IRS submission 1099-C effectuating Cancellation of obligation re Sch K-1 (form 1041), 1099-R, 1099-B Statement Amendment DOC-2026-0012133 and DOC-2026-0014771, Attorney Sabba Darius Ghomashchi, Esq. attempted to cure the disclosure remedy by mailing Copy not certify of Deed of Trust, and Assignment of deed of trust, this alone does not satisfy full accounting pursuant to 9-210.

(8).

**COUNT 2 — Unfair Competition law (Bus. & Prof. Code Sec. 17200)**

(Against PHL and/or EPM)

48. Plaintiff incorporates paragraphs 1–46.

49. PHL's unlawful/unfair/fraudulent acts include: continuing to demand payment and/or assert balances while withholding complete accounting and reconciliation after authenticated requests; failing to respond timely/fully to Section 9-210 requests; and failing to reconcile identified inconsistencies after notice. failed to provide accurate material disclosures at origination and/or provided disclosures that were materially inaccurate, including [identify disclosure(s)].

50. EPM's unlawful/unfair/fraudulent acts include: continuing to be withholding origination funding/transaction accounting and transfer documentation responsive to authenticated requests; participating in transfer/assignment activity without producing accounting that reconciles proceeds and credits; and maintaining incomplete records that facilitate downstream collection without transparent reconciliation. Plaintiff suffered concrete injury and sought appropriate relief. If applicable, Plaintiff will plead timeliness and any equitable tolling facts based on concealment or delayed discovery.

51. Defendants' conduct is likely to deceive reasonable consumers and is unfair because it undermines transparency, prevents verification of authority/balance, and enables improper or duplicative collection.

52. Plaintiff seeks restitution and injunctive relief to prevent ongoing unfair practices and to compel transparent accounting and reconciliation,

**COUNT 3-FDCPA, 15 U.S.C Sec. 1692 et seq.**

**(Against PHL only)**

53. Plaintiff incorporates paragraphs 1-52

54. PHL is a "debt collector" as defined by 15 U.S.C. Sec. 1692a (6) because plead facts e.g. PHL obtained servicing after EPM derecognition of assets.

55. PHL used false, deceptive, or misleading representation and/or unfair practices by demanding payment and asserting a balance without producing the itemized accounting needed to validate the claimed amount and authority after notice and dispute, including Sch K-1 (form 1041) 1099-R and 1099-B; 1099-C

56. Plaintiffs suffered actual damages and seeks statutory damages, costs, and attorney's fees if applicable

## COUNT 4 — TILA, 15 U.S.C. § 1601 et seq, Reg Z, X, RESPA

**(Against EPM and/or PHL as applicable)**

57. Plaintiff incorporates paragraphs 1–56.

58. EPM failed to provide accurate material disclosures at origination and/or provided disclosures that were materially inaccurate, including [identify].

59. Plaintiff notice PHL showing an amount was treated as a distribution/credit tied to the loan transaction, including documentation from IRS and PHL instead of filing notice of inconsistency within the IRS timeframe allow, continue to bill as if that credit/payment never happened and PHL refused to produce the accounting that would reconcile the ledger (which has the concrete harm) to plaintiffs. This misapplication/failure to credit payment violates (Reg Z-TILA servicing) Reg X, RESPA. Otherwise, mishandled payment and late fees often show up as *Holding funds in suspense improperly*.

Plaintiff suffered concrete injury and sought appropriate relief. [Include timeliness/tolling allegations if needed.]

## COUNT 5-DECLARATORY RELIEF

(Against EPM and PHL)

60. Plaintiff incorporates paragraphs 1-59

61. A live controversy exists concerning Defendants' asserted authority/entitlement and the accuracy of any claimed balance, because Defendants continue to asset collection/enforcement positions while withholding accounting and authority documentation necessary to verify those positions.

My Honor, Plaintiffs raise this respectfully: at first glance, the process does appear as though Bar-Card Holder camaraderie is being given more weight than the oak-bound duty to enforce constitutional protections. Plaintiffs are not here to impugn anyone's character; we are here to protect the public integrity of an unbiased Bar-Card Holder and tribunal and the appearance of fairness.

Due process requires notice and a meaningful opportunity to be heard as this court extended it lawful hand of right granting Leave to Amend before Plaintiff is deprived of property. (U.S. Const., 14th Amend, Cal. Const. art. I, sec 7.) a neutral decision-maker is part of that protection. See e.g. Caperton v. A.T. Massey Coal Co. (2009) 556 U.S. 868; Tumey v. Ohio (1927) 273 U.S. 510.)

**(10).**

*"When a dispositive fact or disclosure existed but is kept out of the record through concealment or extrinsic unfairness, a ruling says the unbiased tribunal shall mandate disclosure of material facts upon seeking the Truth and nothing but the Truth in a meaningful of a judiciary forum."*

*"My Honor I understand the Court's discretion, sometime risk a constitutional due process, violation if course, I'm not making these claimed, thus however, if 9-210 full comprehensive accounting are excluded, as they function as an offer of proof showing what Plaintiff can allege with specificity." It would be a fatal miscarriage of justice and erode the very fabric of our jurisprudence meaningless to civil/legal truth seeking before lady justice of our Constitutional protection.*

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment and award:

A. Injunctive relief compelling each Defendant to produce a complete, compliant accounting and supporting records, including payment history, transaction code history, escrow ledger, suspense ledger, corporate advances and recoveries, charge-offs/reversals/credits, and documentation of authority/ownership and transfer chain;
B. Actual damages in an amount to be proven at trial;

C. Statutory damages (if applicable to federal counts);

D. Restitution and injunctive relief under § 17200;

E. Costs of suit and such other relief as the Court deems just and proper.

## X. TRIAL BY JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

Dated: March 5, 2026

Bye: _WanagTohanBey; _____
WanagTahatan-Bey; Tanya Stutson-Bey, Plaintiff


(11).

# EXHIBIT (A)

**NOTICE OF SCHUDLE K-1 TRUST DISTRIBUTION TO PLANET HOME LENDING, LLC.**

**9-210 FULL COMPREHENSIVE ACCOUNTING NINE PAGES**

**INCLUDE ATTORNEY SABAA "DARIUS" GHOMASHCHI LETTER OF ACKNOWLEDGEMENT DATED DECEMBER 17, 2025**

Kevin-Paul Woodruff, Trustee
201 13th Street Apt. 12367
Oakland, CA 94604

April 18, 2025

Planet Home Lending, LLC
321 Research Parkway 303
Meriden, CT 06450
RE: Express Inter Vivos Living Trust
Schedule K-1 from the 2024 Express Inter Vivos Living Trust's Return

Dear Beneficiary:

Enclosed is your 2024 Schedule K-1 (Form 1041) Beneficiary's Share of Income, Deductions, Credits, etc. from Express Inter Vivos Living Trust. This schedule summarizes your information from the Express Inter Vivos Living Trust. This information has been provided to the Internal Revenue Service with the Express Inter Vivos Living Trust's 2024 Federal Return of Income.

If you have any questions related to this information, please contact me immediately.

Sincerely,


Kevin-Paul Woodruff, Trustee

Enclosure(s)

## Your Requested 2024 TaxAct E-file Notice: Federal Return Accepted

From: TaxAct Electronic Filing (efilenotice@taxacte-file.com)

To: wanagtahatan65@yahoo.com

Date: Friday, April 18, 2025 at 10:46 AM PDT



**TaxAct**

# Thank you for choosing TaxAct!

Date: Friday, April 18, 2025 12:46 PM
Estate or Trust Name: Express Inter Vivos Living Trust
Status: Federal Electronic Return Accepted

Great News! TaxAct has received notice that the Federal electronic return for Express Inter Vivos Living Trust was accepted by the Internal Revenue Service on 04/18/2025.

The Submission ID for this return is 21010520251080571351.

Questions? Please do not reply to this email. Contact us through our Support and Service Center.



Legal    Company    Privacy    Support

© 2024 TaxAct, Inc., a Taxwell company. All Rights Reserved.

This e-mail was sent to: WANAGTAHATAN65@YAHOO.COM OL24 17292809

TaxAct does not share your personal information or communicate passwords via phone or email. If you are concerned about the authenticity of this message or you would like to learn more about our security and privacy policies, visit our Security Center.

about:blank

# Federal Electronic Filing Instructions

## Tax Year 2024

**You are responsible for confirming the status of your electronically filed return.**

You can confirm the status of your return by going to https://www.taxact.com/ef/efile-center. You will need to enter the entity's EIN, ZIP code and company name.

You do not need to mail any paper signature forms to the IRS. Retain the signed copy of Form 8453-FE along with a copy of your return. The return has been successfully filed once an acceptance from the IRS is received.

## Refund:

The IRS does not allow direct deposit refunds of 1041 returns. You will receive your refund of $813,598 via paper check.

You can start checking the status of your refund within 24 hours of e-filing at the IRS website https://www.irs.gov/Refunds under Where's My Refund.

Make sure to attach any necessary information from the reporting entity so that the beneficiary can correctly calculate any qualified business income.

**Schedule K-1**
**(Form 1041)**
Department of the Treasury
Internal Revenue Service

**2024**

For calendar year 2024, or tax year

beginning 03 / 24 /    ending 12 / 31 / 2024

**Beneficiary's Share of Income, Deductions, Credits, etc.**

See back of form and instructions.

661117

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0092

**Part III   Beneficiary's Share of Current Year Income, Deductions, Credits, and Other Items**

| | | |
|---|---|---|
| 1 Interest income | 11 | Final year deductions |
| 2a Ordinary dividends | | |
| 2b Qualified dividends | | |
| 3 Net short-term capital gain | | |
| 4a Net long-term capital gain | | |
| 4b 28% rate gain | 12 | Alternative minimum tax adjustment |
| 4c Unrecaptured section 1250 gain | | |
| 5 Other portfolio and nonbusiness income | | |
| 6 Ordinary business income | | |
| 7 Net rental real estate income | | |
| 8 Other rental income | 13 | Credits and credit recapture |
| 9 Directly apportioned deductions | R | 813597.12 |
| | 14 | Other information |
| 10 Estate tax deduction | | |

**Part I   Information About the Estate or Trust**

**A** Estate's or trust's employer identification number

33-6934244

**B** Estate's or trust's name

9102417425

**C** Fiduciary's name, address, city, state, and ZIP code

Wanag Tahatan-Bey TTEE
c/o 3684 Mallard Ct
Antioch, California, near [94509]

**D** ☐ Check if Form 1041-T was filed and enter the date it was filed
_____

**E** ☒ Check if this is the final Form 1041 for the estate or trust

**Part II   Information About the Beneficiary**

**F** Beneficiary's identifying number

26-0362771

**G** Beneficiary's name, address, city, state, and ZIP code

PLANET HOME LEDNING, LLC
c/o 321 RESEARCH PARKWAY, SUITE 303
MERIDEN, CT 06450, USA

\* See attached statement for additional information.

Note: A statement must be attached showing the beneficiary's share of income and directly apportioned deductions from each business, rental real estate, and other rental activity.

For IRS Use Only

**H** ☒ Domestic beneficiary    ☐ Foreign beneficiary

For Paperwork Reduction Act Notice, see the Instructions for Form 1041.    www.irs.gov/Form1041    Cat. No. 11380D    Schedule K-1 (Form 1041) 2024

Form **8453-FE**

Department of the Treasury
Internal Revenue Service

## U.S. Estate or Trust Declaration for an IRS e-file Return

For calendar year 2024, or fiscal year beginning _____, 2024, and ending _____
File electronically with the estate's or trust's return. Do not file paper copies.
Go to *www.irs.gov/Form8453FE* for the latest information.

OMB No. 1545-0967

**2024**

Name of estate or trust

**Express Inter Vivos Living Trust**

Employer identification number

**85-6524818**

Name and title of fiduciary

**Kevin-Paul Woodruff, Trustee**

### Part I  Tax Return Information

| | | |
|---|---|---|
| 1 Total income (Form 1041, line 9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 | 0. |
| 2 Income distribution deduction (Form 1041, line 18) . . . . . . . . . . . . . . . . | 2 | 0. |
| 3 Taxable income (Form 1041, line 23) . . . . . . . . . . . . . . . . . . . . . . . . | 3 | -300. |
| 4 Total tax (Form 1041, line 24) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 | 0. |
| 5 Tax due or overpayment (Form 1041, line 28 or 29) . . . . . . . . . . . . . . . . | 5 | 813,598. |

### Part II  Declaration of Fiduciary

6 ☐  I authorize the U.S. Treasury and its designated Financial Agent to initiate an ACH electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the estate's or trust's taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at 1-888-353-4537 no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment.

Under penalties of perjury, I declare that the above amounts (or the amounts on the attached listing) agree with the amounts shown on the corresponding lines of the electronic portion of the 2024 U.S. income Tax Return(s) for Estates and Trusts. I have also examined a copy of the return(s) being filed electronically with the IRS, and all accompanying schedules and statements. To the best of my knowledge and belief, they are true, correct, and complete. If I am not the transmitter, I consent that the return(s), including this declaration and accompanying schedules and statements, be sent to the IRS by the return transmitter. I also consent to the IRS's sending the ERO and/or transmitter an acknowledgment of receipt of transmission and an indication of whether or not the return(s) is accepted, and, if rejected, the reason(s) for the rejection.

**Sign Here**

**Kevin-Paul Woodruff**
Signature of fiduciary or officer representing fiduciary

**04/18/2025**
Date

### Part III  Declaration of Electronic Return Originator (ERO) and Paid Preparer (see instructions)

I declare that I have reviewed the above estate or trust return(s) and that the entries on Form 8453-FE are complete and correct to the best of my knowledge. If I am only a collector, I am not responsible for reviewing the return(s), and only declare that this form accurately reflects the data on the return(s). The fiduciary or an officer representing the fiduciary will have signed this form before I submit the return(s). I will give the fiduciary or officer representing the fiduciary a copy of all forms and information to be filed with the IRS, and have followed all other requirements described in Pub. 4164, Modernized e-File (MeF) Guide for Software Developers and Transmitters. If I am also the Paid Preparer, under penalties of perjury I declare that I have examined the above estate or trust return(s) and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer is based on all information of which the preparer has any knowledge.

| ERO's Use Only | ERO's signature | Date | Check if also paid preparer ☐ | Check if self-employed ☐ | ERO's SSN or PTIN |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | | | EIN | |
| | | | | Phone no. | |

Under penalties of perjury, I declare that I have examined the above estate or trust return(s) and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer is based on all information of which the preparer has any knowledge.

| Paid Preparer Use Only | Print/Type preparer's name | Preparer's signature | Date | Check if self-employed ☐ | PTIN |
|---|---|---|---|---|---|
| | Firm's name | | | Firm's EIN | |
| | Firm's address | | | Phone no. | |

For Privacy Act and Paperwork Reduction Act Notice, see instructions.
UYA

Form **8453-FE** (2024)

TO: PLANET HOME LENDING, LLC
c/o: 321 Research Parkway, Suite 303
     Meriden, CT 06450
     Executive Office; c/o MICHEAL DUBECK, d/b/a (CEO)
     NMLS ID: 17022

RE: Account No. 9102417425
Priority Express Mail No. EI 339 662 309 US

**July 08, 2025**

From: Wanag Tahatan-Bey & Tanya Stutson-Bey
      3684 Mallard CT
      Antioch, California near 94509
      Email: wanagtahatan65@yahoo.com
      Phone: (925) 477-9454

## NOTICE OF SATISFACTION AND DISCHARGE OF ALLEGED DEBT

Pursuant to applicable law, notice is hereby given that the alleged obligation of $813, 598.00 claimed by PLANET HOME LENDING, LLC against the undersigned, Wanag Thahtan-Bey; and Tanya Stutson-Bey, has been **fully satisfied and discharge** as of April 18, 2025.

**Statement of Facts:**

**(1). Wanag Tahatan-Bey, d/b/a Kevin-Paul: Woodruff© Agent IRS/CAF No.** 0313-81578R **for Express Inter Vivos Living Trust EIN: 85-6524818; Equitable Allonge Note TXu 2-347-364 Special Deposit into U.S. Treasury Register No. RB 355 385 935 US.**

**(2).** PLANET HOME LENDING, LLC has asserted that a debt of $751,991.00 is outstanding under a purported loan agreement.

**(3).** Express Inter ViVos Living Trust has filed IRS Form for the tax year ending December 2024, reflecting a distribution of $813, 598.12 to PLANET HOME LENDING, LLC AS BENEFICICARY of the trust.

**(4).** IRS Schedule K-1 (Form 1041) issued to PLANET HOME LENDING, LLC Servicer as income received by PLANET HOME LENDING, LLC.

EI 339 662 309 US

**Legal Effect:**

This K-1 constitutes an official accounting and reporting of **constructive and/or actual receipt** of $813,598.12 by PLANET HOME LENDING, LLC.

The receipt of trust income in the amount claimed as due constitutes **satisfaction and discharge** of the alleged debt obligation, under principles of accord and satisfaction, constructive receipt (Title 26 Section 451: Treas. Reg Section 1.451-2), and trust law under IRC Subchapter J.

PLANET HOME LENDING, LLC, is hereby **prohibited from attempting further collection or enforcement of the alleged obligation, which is now nullified by the distribution and accounting treatment set forth herein.**

**Demand Request:**

PLANET HOME LENDING, LLC are hereby directed to cease all collection and ESTOPPEL from making extortionate extension of credit efforts, as it relates to pre-foreclosure or foreclosure, or any threating manner, respectively, and issue a written acknowledgment that no balance remains due. Failure to respond within Truth-In-Lending Act Reg-Z, Five (5) days after receiving Priority Mail Express No. EI 339 662 309 US notice will be construed as tacit acceptance of satisfaction and waiver of any claim to further payment according to California Evidence Code Section 633.

A copy of the relevant IRS Schedule K-1; and Copyright Registration No. TXu 2-347-364 is attached for your reference.

Sincerely,

Without Recourse/Prejudice

Bye: _Wanag Tahatan Bey_

Wanag Tahatan-Bey, Agent IRS/CAF No. 0313-81578R
On behalf of Kevin-Paul: Woodruff© TXu 2-347-364

cc
IRS Commissioner
Billy Long
1111 Constitution Avenue NW.,
Washington, DC 20224
Request for Forensics Audit re Planet Home Lending, LLC Accounting or FR-2046 Balance-Sheet Data Borrowing from federal reserve's discount window.

(2).

A notary public or other officer completing this certificate verifies only
The identity of the individual who signed the document to which this
Certificate is attached, and not the truthfulness, accuracy, or
Validity of that document.

State of California

County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this 8th Day of July 2025, by Wanag
Tahatan-Bey proved to me on the basis of satisfactory evidence to be the person(s) who
appeared before me.

Signature ___Preeti Saini_____ (Seal)

PREETI SAINI
Notary Public - California
Contra Costa County
Commission # 2416955
My Comm. Expires Sep 19, 2026

(3).

ALERT: SEVERE WEATHER AND FLOODING IN THE SOUTHEAST, VIRGINIA, AND THE NORTHE...

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## EI339662286US

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

### Scheduled Delivery by

FRIDAY

**11** July 2025 ⓘ    by **6:00pm** ⓘ

Feedback

Your item was picked up at postal facility at 2:41 pm on July 11, 2025 in MERIDEN, CT 06450. Waiver of signature was exercised at time of delivery.

**Get More Out of USPS Tracking:**

   USPS Tracking Plus®

## Delivered
### Delivered, Individual Picked Up at Postal Facility

MERIDEN, CT 06450
July 11, 2025, 2:41 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**    ⌄

---

**Proof of Delivery**    ⌄

---

**COMPREHENSIVE DEMAND FOR FULL**
**ACCOUNTING & DISCLOSURE pursuant to SC-107 Subpoena**

Pursuant to California Commercial Code (UCC Articles 1, 2, 3, and 9), California Civil Code and related statutes, California Code of Civil Procedure and Evidence Code provisions, the Trust Indenture Act of 1939. Regulation AB, Federal Reserve Act authorities, Truth in Lending Act and related regulations state law.

You have SC-107 Subpoena timeframe requirement days from receipt to produce this Comprehensive Demand for Full Accounting & Disclosure due to Defendants' prior failure to disclose and provide servicing-transfer information and records. To Small-Claims Court for inspection by March 25, 2026 at 9:15AM Dept 54, 1000 Center Drive, Pittsburg, Ca 94565.

**From:**

Wanag Tahatan-Bey & Tanya Stutson-Bey, Principal in Chief / Grantor / Remainderman
3684 Mallard Ct
Antioch, California 94509
Ph: (925) 477-9454
Email: wanagtahatan65@yahoo.com

**Date: February 10, 2026**

**To:**

**Custodian of Records/Accounting/Loan Accounting post-closing**
**Planet Home Lending, LLC.**
**321 Research Parkway Suite 303**
**Meriden, CT 06450**

**Custodian of Records/Accounting/Loan accounting post-closing**
**Equity Prime Mortgage**
**5 Concourse Parkway Suite 2250**
**Atlanta, GA 30328**

**NOTICE TO REGISTERED AGENT:** A duplicate of this Demand for Full Accounting & Disclosure is being concurrently served upon the Registered Agent for Service of Process, as listed with the Secretary of State, to ensure verified delivery and full statutory compliance. Service upon the Registered Agent constitutes lawful notice to the institution under applicable state and federal law.

**NOTICE TO CORPORATE SECRETARY:** This demand is directed to the Corporate Secretary as the custodian of corporate records with authority and responsibility to certify and authenticate true and correct copies of corporate business records on behalf of the corporation, including pursuant to California Corporations Code provisions governing corporate officers and corporate records.

**NOTICE TO INDENTURE TRUSTEE:** Pursuant to UCC § 9-210 (California Commercial Code § 9210), the Trust Indenture Act of 1939 (§§ 313, 315), and Regulation AB (17 C.F.R. § 229.1100 et

seq.), the Indenture Trustee and Custodian of Records are required to certify or confirm whether any receivable associated with the referenced account(s) was included, assigned, pledged, or Otherwise reported under any credit-account master trust or successor trust. Failure to respond Pursuant to Small Claims SC-107 Subpoena timeframe shall constitute non-compliance under UCC § 9-625 (California

Commercial Code § 9625).

Re: Demand for Comprehensive Accounting pursuant to California Commercial Code § 9210 (UCC § 9-210)

Account(s)/Instrument(s): [Account Numbers or Instrument Identifiers - for record identification only]

Response Deadline: **under California SC-107 Small-Claims Subpoena timeframe**

## PRIOR NOTICE OF NON-DISCLOSURE

Wanag Tahatan-Bey and Tanya Stutson-Bey transmitted a comprehensive demand for full disclosure to Planet Home Lending LLC ("PHL") Equity Prime Mortgage, LLC "EPM" requesting, among other items: (1) the name and identity of the current Note holder/owner/investor; (2) the identity of any current or prior servicer and all servicing-transfer details; (3) the pooling and servicing agreement and/or transfer/pool documentation; (4) the authority of PHL to collect on any alleged debt; (5) the identity of any holder-in-due-course (if claimed); (6) a certified copy of the case collateral account/ledger referenced to Pub. L. 89-485; and (7) the complete chain of title. On June 23, 2025, substantially the same document requests were transmitted to Equity Prime Mortgage LLC ("EPM"). **Also requests Corporation STRESS-TEST, with Attorneys and Corporation Procurement Agreement directed to EPM's and PHL.** This Demand is further supported by, and incorporates, the servicing-transfer notice and disclosure duties and any other applicable obligations.

## I. STATUTORY AND LEGAL AUTHORITY

This Demand is made pursuant to and under the following authorities (non-exclusive).

A. California Commercial Code (UCC)

- Cal. Com. Code § 9210 (UCC § 9-210) - Request for accounting concerning collateral

(response required).

(2).

- Cal. Com. Code § 9625 (UCC § 9-625) - Remedies for secured party's failure to comply.
- Cal. Com. Code § 9404 (UCC § 9-404) - Rights acquired by assignee; claims and defenses against assignee.

- Cal. Com. Code § 9513 (UCC § 9-513) - Termination statement obligations upon satisfaction/disposition.

- Cal. Com. Code § 9518 (UCC § 9-518) - Claim concerning inaccurate or wrongfully filed record.

- Cal. Com. Code § 9519 (UCC § 9-519) - Indexing/communicating information in filing office records.

- Cal. Com. Code § 2609 (UCC § 2-609) - Right to adequate assurance of performance.
- Cal. Com. Code § 3501 (UCC § 3-501) - Presentment; proof of dishonor.
- Cal. Com. Code § 3602 (UCC § 3-602) - Payment.
- Cal. Com. Code § 3407 (UCC § 3-407) - Alteration.
- Cal. Com. Code § 3301 (UCC § 3-301) - Person entitled to enforce instrument (PETE).
- Cal. Com. Code § 3115 (UCC § 3-115) - Incomplete instrument.
- Cal. Com. Code § 3205(b) (UCC § 3-205(b)) - Indorsements (special/blank/anomalous).
- Cal. Com. Code § 1308 (UCC § 1-308) - Performance or acceptance under reservation of rights.

Cal. Com. Code § 1304 (UCC § 1-304) - Obligation of good faith.
To the extent the receivable or enforcement rights have been reflected in any UCC filing, the secured party must ensure accuracy and provide correct information consistent with California Commercial Code §§ 9518 and 9519. If the receivable has been satisfied, discharged, sold, or otherwise disposed of, continued assertion of secured status may trigger termination obligations under California Commercial Code § 9513.

B. California Civil Code and Related Consumer Statutes

Cal. Civ. Code § 2943 - Payoff demand statement (where applicable to secured real property obligations).

Cal. Civ. Code §§ 2924 et seq. - Nonjudicial foreclosure framework; notices and trustee sale procedures (where applicable).

Cal. Civ. Code § 1788 et seq. (Rosenthal Fair Debt Collection Practices Act) - Prohibited debt-collection practices (where applicable).

- Cal. Bus. & Prof. Code § 17200 et seq. - Unfair Competition Law (unlawful, unfair, or fraudulent business acts or practices).

C. California Code of Civil Procedure and Evidence Code (Records, Subpoenas, Service)

- Cal. Civ. Proc. Code §§ 1985-1987 - Subpoena duces tecum / production of business records (where issued).

- Cal. Civ. Proc. Code §§ 2020.010 et seq. and 2023.010 et seq. - Discovery methods and sanctions (where a court order is sought).

- Cal. Civ. Proc. Code § 367 - Real party in interest requirement.
- Cal. Civ. Proc. Code § 1013 - Service by mail (where applicable).
- Cal. Evid. Code § 1271 - Business records exception (foundation for admissibility).
- Cal. Evid. Code §§ 1560-1561 - Business records subpoena and custodian affidavit

requirements (where used).

D. California Corporations Code (Corporate Records and Officers)

- Cal. Corp. Code § 1500 - Corporate officers (designation/authority).
- Cal. Corp. Code §§ 1600-1602 - Corporate records; minutes; inspection rights; production

obligations (where applicable)

## ADDITIONAL ACCOUNTING STANDARDS DISCLOSURE (FASB ASC)

Purpose and Limitation: This section is included solely to reconcile any asserted enforcement or ownership position with the institution's internal accounting treatment of the receivable or obligation. No independent cause of action under GAAP is asserted. The requested information is material to standing, amount, and disposition, and is within the scope of an accounting request under UCC § 9-210 (California Commercial Code § 9210).

**(4).**

- ASC 860 (Transfers and Servicing): Sale, transfer, securitization, pledge, or secured financing, whether control/enforcement rights were retained.

- ASC 230 (Statement of Cash Flows): Classification of cash flows related to the receivable.
- ASC 606 (Revenue Recognition): Servicing income, residual interests, gain-on-sale. modifications/termination of obligations.

- ASC 326 (Credit Losses / CECL): Expected credit losses, charge-off treatment, allowance/loss-reserve modeling. Per **CORPORATE STREE-TEST**

- ASC 820 (Fair Value Measurement): Fair value methods, inputs, and changes.

Limiting Statement: This request does not seek audit opinions, proprietary models, or GAAP enforcement. It seeks the necessary records to complete statutory accounting and assets the accuracy and enforceability of the asserted claim.

## II. REQUIRED COMPREHENSIVE ACCOUNTING AND DOCUMENT PRODUCTION

Within Small Claim SC-107 Subpoena timeframe days of receipt, produce a complete, custodian-certified
accounting of all records related to the referenced account(s) or instrument(s). This
Accounting shall include complete transactional history and sufficient documentation to verify
ownership, servicing authority, chain of custody, collateral disposition, and any internal or
external accounting recognition affecting the asserted balance. **Before March 25, 2026, hearing in Dept 54 at 9:15AM at 1000 Center Drive, Pittsburg, Ca 94565**

1. Original Instrument and Complete Chain of Title
Original wet ink signed credit application, promissory note, or negotiable instrument (Cal. Com. Code § 3501).
All indorsements, allonges, pledges, assignments, and custodial transfer receipts
documenting complete chain of title and custody.
Identification of each person or entity claiming entitlement to enforce the instrument under
Cal. Com. Code § 3301 (PETE).
Documentation showing whether instrument is complete or incomplete (Cal. Com. Code §
3115) and evidence of proper indorsement (Cal. Com. Code § 3205(b)).
1.  2. Comprehensive Statement of Account

**(5).**

- Complete double-entry ledger showing all credits, debits, charges, fees, and adjustments.
- Itemized breakdown of principal, interest, fees, insurance charges, corporate advances,

escrow activity, and other assessments.

- Payment allocation history showing application to principal versus interest and any

suspense/clearing activity.

- Current balance calculation with supporting documents and an explanation of each

component.

2.  **3. Business Records and Asset Disposition Documentation**

General ledger entries, subsidiary ledgers, receivables schedules, and any charge-off/write-off or loss classification records. **Per Corporate STRESS-TEST and Corporate Code of Conduct, re Procurement Agreement**

**Audit trial/posting log 'change history for the loan transaction history and escrow ledger for this loan transaction/ limited to system-generated logs showing (a0 user ID or system ID; (b) timestamp; (c ) field/entry changed; (d) before/after values; and (e ) any record of reversals, adjustments, or corrections applied to the account. Abstract of title/ chain of security instrument (tight, Loan-specific) (abstract-like index) limited to: deed of trust/mortgage; assignments; and Custodian declaration: Person Entitled to Enforce, PETE, derecognition document, all procurement agreements, all Banking Association documents re Loan 4002426855; PHL Loan number 9102417425**

**Proof of asset disposition: sale, transfer, pooling, securitization, pledge, collateralization, or other disposition.**

**(6).**

## IV. CUSTODIAN CERTIFICATION AND JURAT

I, _____, being the duly authorized Custodian of Records and/or

Corporate Secretary for [INSTITUTION NAME], hereby certify under penalty of perjury and

pursuant to Cal. Evid. Code § 1271 and Cal. Evid. Code §§ 1560-1561 (as applicable), and

(where used in federal proceedings) Fed. R. Evid. 803(6) and 902(11), that:

- The records produced in response to this Demand for Full Accounting & Disclosure issued

by [DEMANDING PARTY NAME] are true, correct, and complete copies of records kept in the

regular course of business, made at or near the time of the events they describe, by persons

with knowledge or from information transmitted by persons with knowledge.

- All responses provided in the Custodian Questionnaire are true, correct, and complete to

the best of my knowledge, information, and belief.

- I am authorized by the institution to certify these records and have knowledge of the

institution's record-keeping practices or have obtained such knowledge from persons who

have it.

Executed this ____ day of _____, 20____.

Signature: _____

Printed Name: _____

Title: _____

[INSTITUTION NAME] - Custodian of Records / Corporate Secretary

Phone: _____ Email: _____

Notarization (if required):
Sworn to and subscribed before me this ___ day of _____, 20___.
Notary Public: _____
My Commission Expires: _____

(7).

## V. CONSEQUENCES OF NON-COMPLIANCE

Failure to provide the requested accounting and documentation within SC-107 Subpoena timeframe from receipt may constitute non-compliance with California Commercial Code § 9210

(UCC § 9-210) and related provisions, and may be used to support requests for appropriate relief including adverse inferences and sanctions were authorized. Without limitation, non-compliance may be treated as:

- Material non-compliance with California Commercial Code §§ 9210 and 9625 (UCC §§ 9-210

and 9-625), subjecting the secured party to statutory remedies where applicable.

- Failure to substantiate entitlement to enforce (Cal. Com. Code § 3301) and failure to

substantiate chain of custody and authority.

- Grounds to seek discovery relief and sanctions where a court-supervised process is invoked

(Cal. Civ. Proc. Code §§ 1985-1987, 2023.010 et seq.).

- Potential violations of applicable federal and state consumer protection laws (including 15

U.S.C. § 1601 et seq., 15 U.S.C. § 1692 et seq., Cal. Civ. Code § 1788 et seq., and Cal. Bus. &

Prof. Code § 17200 et seq., as applicable).

- Authorization for the demanding party to report statutory violations to appropriate

regulators, including the California Attorney General, California Department of Financial

Protection and Innovation (DFPI), CFPB, FTC, OCC, FDIC, Federal Reserve Board, and SEC.

**(8).**



## WRIGHT FINLAY & ZAK LLP
### ATTORNEYS AT LAW

Main Office
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Main Phone: (949) 477-5050
Email Fax: (949) 608-9142

www.wrightlegal.net

Direct Dial: 949-477-5144
Email: sghomashchi@wrightlegal.net

December 17, 2025

**<u>Via Certified Mail – Return Receipt</u>**

Wanag Tahatan-Bey
Tanya Stutson-Bey
3684 Mallard Ct.
Antioch, CA 94509

Re:  Case Name            : *Tahatan-Bey, et al. vs. Equity Prime Mortgage, LLC, et al.*
      Property Address     : 3684 Mallard Ct, Antioch, California, 94509
      Case No.             : 3:25-cv-07345-WHO
      WFZ Case No.         : 207-20251880

**<u>RE: Confirmation of Receipt of November 15, 2025, November 17, 2025, and December 7, 2025 Letters</u>**

Dear Wanag Tahatan-Bey and Tanya Stutson-Bey,

As you already aware, my office represents Planet Home Lending, LLC ("Planet Home"), Michael Dubeck, and Paul Walker in the lawsuits you have filed against them. Thus, ***please direct all further communication regarding these matters to me or my office directly***. You have sent multiple letters concerning this litigation to my clients – please cease and direct all correspondence related to this litigation to me or my office only.

This letter serves as confirmation of receipt of your letters sent to Planet Home on November 15, 2025, November 17, 2025, and December 7, 2025. As I Explained in my December 5, 2025, email to you, none of these letters are valid Qualified Written Response (QWR) letters under RESPA as they are improper discovery requests. However, as courtesy, I had sent you a copy of your Note, Deed of Trust, and Assignment of Deed of Trust (which indicates Planet Home is the beneficiary and owner of your Loan).

---

Wright, Finlay & Zak, LLP

California ● Nevada ● Arizona ● Washington ● Oregon ● Utah ● New Mexico ● Montana ● Hawaii ● Idaho ● South Dakota ● Colorado

Wanag Tahatan-Bey & Tanya Stutson-Bey
December 17, 2025
Page 2

If you have any questions regarding these matters, please do not hesitate to contact me via the email address or telephone number referenced at the top of this letter. Thank you.

Sincerely,

**WRIGHT, FINLAY & ZAK, LLP**

Sabaa "Darius" Ghomashchi, Esq.
sb

# EXHIBIT (B)

**RE: QUALIFIED WRITTEN REQUEST UNDER RESPA AND FORMAL DISPUTE OF BILLING ERRORS TO THE LOSS MITIGATION DEPARTMENT**

**Wanag Tahatan-Bey**
**Tanya Stutson-Bey**
3684 Mallard Ct
Antioch, California 94509
Phone: (925) 477-9454
Email: wanagtahatan65@yahoo.com

Date: December 23, 2025

**Planet Home Lending, LLC**
Loss Mitigation Department
[P.O. Box 69197]
[Baltimore, MD 21264-9197]

**RE: QUALIFIED WRITTEN REQUEST UNDER RESPA AND FORMAL DISPUTE OF BILLING ERRORS (Certificate Mail No. 9589 0710 5270 3004 4123 57)**

Alleged Loan Number: [9102417425]
Property Address: [3684 Mallard Ct, Antioch, Ca 94509]
Borrowers: Wanag Tahatan-Bey & Tanya Stutson-Bey

To: Billing Dept

This letter constitutes a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e), and a formal Notice of Error pursuant to 12 C.F.R. § 1024.35. We are writing to dispute material errors in the billing statement received from Planet Home Lending, LLC ("PHL"), which contains grossly inflated and inaccurate calculations of amounts allegedly owed on the above-referenced loan account.

Specifically, PHL has incorrectly calculated an "accelerated amount due" of **$800,926.01**, which we believe to be materially erroneous and not supported by the actual loan terms, payment history, or standard mortgage amortization calculations. This letter provides detailed documentation of PHL's errors and demands immediate correction of our account.

## I. LEGAL AUTHORITY FOR THIS REQUEST

Under RESPA, 12 U.S.C. § 2605(e)(1)(A), a loan servicer must respond to a qualified written request from a borrower within specific timeframes. Regulation X, 12 C.F.R. § 1024.35, requires servicers to:

(1) Acknowledge receipt of this notice within 5 business days (excluding legal public holidays, Saturdays, and Sundays);

(2) Conduct a reasonable investigation within 30 days (or 45 days in certain circumstances); and

(3) Provide a written response correcting the error, explaining why the servicer's determination is correct, or providing contact information for the owner or assignee of the loan.

Additionally, under the Truth in Lending Act (TILA), 15 U.S.C. § 1641(f), and Regulation Z, 12 C.F.R. § 1026.36(c), servicers are required to provide accurate account information and correct billing errors promptly.

## II. ORIGINAL LOAN INFORMATION

The following information reflects the undisputed terms of our loan:

| | |
|---|---|
| **Original Note Amount:** | $750,991.00 |
| **Monthly Payment:** | $5,517.82 |
| **Number of Payments Made:** | 9 payments |
| **Total Amount Paid:** | $49,660.38 |

## III. PHL'S ERRONEOUS BILLING STATEMENT

According to the billing statement received from PHL, we are allegedly delinquent by 6 monthly payments, and PHL claims an "accelerated amount due" of **$800,926.01**. This figure is mathematically impossible and represents a material error under RESPA.

### A. Mathematical Analysis of PHL's Error

PHL's claimed accelerated amount of $800,926.01 **exceeds the original note amount** of $750,991.00 by $49,935.01. This is impossible under any standard mortgage calculation for the following reasons:

1. We have made 9 payments totaling $49,660.38, which should have reduced the principal balance, not increased the amount owed beyond the original note amount.

2. Even accounting for 6 delinquent payments and reasonable late fees/interest, the total amount that could possibly be owed is far less than PHL's claimed $800,926.01.

3. The claimed amount would require approximately $50,000 in fees, penalties, and interest on top of the original note—an amount that violates usury laws and reasonable lending practices.

4. PHL has failed to provide any itemized breakdown showing how the alleged $800,926.01 was calculated, making it impossible for us to understand or verify this figure.

## IV. CORRECT CALCULATION OF AMOUNTS OWED

We have conducted a detailed analysis using standard mortgage amortization calculations based on the original note amount, monthly payment, and payment history. The attached *"Analysis of Planet Home Lending LLC Billing Statement Error"* document (incorporated herein by reference) provides complete calculations.

(2).

## A. Current Delinquency Amount

If we are delinquent by 6 monthly payments as PHL claims, the correct calculation of amounts currently owed is:

| | |
|---|---|
| 6 Monthly Payments at $5,517.82 each: | $33,106.92 |
| Interest/Late Fees (per PHL statement): | $1,659.88 |
| **TOTAL DELINQUENT AMOUNT:** | **$34,766.80** |

## B. Current Principal Balance

Based on standard mortgage amortization calculations at an approximate 7% interest rate (consistent with the monthly payment amount), after 9 payments have been made:

| | |
|---|---|
| Amount Paid Toward Principal: | $10,475.41 |
| Amount Paid Toward Interest: | $39,184.97 |
| **CURRENT PRINCIPAL BALANCE:** | **$740,515.59** |

## C. Correct "Accelerated Amount Due" (If Applicable)

If PHL has properly accelerated the loan pursuant to the terms of the note and deed of trust, the correct calculation of the total amount that would be due upon acceleration is:

| | |
|---|---|
| Current Principal Balance: | $740,515.59 |
| Delinquent Payments (6 months): | $33,106.92 |
| Interest/Late Fees: | $1,659.88 |
| Reasonable Attorney Fees/Costs (estimated): | $5,000.00 |
| **CORRECT ACCELERATED AMOUNT:** | **$780,282.39** |

## V. MAGNITUDE OF PHL'S ERROR

The discrepancy between PHL's claimed amount and the correct calculation is substantial:

| | |
|---|---|
| **PHL's Claimed Accelerated Amount:** | $800,926.01 |
| **Correct Accelerated Amount:** | $780,282.39 |
| **PHL'S OVERCHARGE / ERROR:** | **$20,643.62** |

This represents an overcharge of $20,643.62, or approximately 2.6% of the original loan amount. This is a material error that violates RESPA, TILA, and state consumer protection laws.

(3).

## VI. SPECIFIC ERRORS AND REQUESTS FOR INFORMATION

Pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36, we request that PHL provide the following information and corrections:

5. A complete, itemized breakdown showing how PHL calculated the alleged "accelerated amount due" of $800,926.01, including:

   a. The principal balance calculation

   b. All interest calculations and rates applied

   c. All fees, penalties, and charges included

   d. The legal and contractual basis for each charge

6. A complete payment history showing all payments received, the date received, and how each payment was applied to principal, interest, and any other charges.

7. Documentation of the legal basis for accelerating the loan, including copies of any acceleration notice and proof of proper service.

8. Explanation of why PHL's claimed accelerated amount exceeds the original note amount by nearly $50,000 despite nine payments having been made.

9. Copies of all billing statements, account statements, and notices sent to us regarding this loan for the past 24 months.

10. Immediate correction of our account to reflect the accurate principal balance of $740,515.59 and the correct delinquent amount of $34,766.80.

## VII. VIOLATIONS OF FEDERAL LAW

PHL's erroneous billing statement appears to violate multiple federal consumer protection statutes:

### A. RESPA Violations

Under 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.35(b), servicers must correct errors relating to allocation of payments, incorrect fees or charges, failure to credit payments, and incorrect account balance calculations. PHL's billing statement contains all of these errors. Under 12 U.S.C. § 2605(f), borrowers may recover actual damages, statutory damages up to $2,000, and attorney's fees for RESPA violations.

### B. TILA Violations

Under 15 U.S.C. § 1641(f) and 12 C.F.R. § 1026.36(c), servicers must provide accurate payoff statements. The grossly inflated accelerated amount violates this requirement. Under 15 U.S.C. § 1640, borrowers may recover actual damages, statutory damages, and attorney's fees for TILA violations.

(4).

## C. Fair Debt Collection Practices Act (FDCPA)

Under 15 U.S.C. § 1692e and § 1692f, it is unlawful to use false, deceptive, or misleading representations in connection with debt collection, or to use unfair or unconscionable means to collect a debt. PHL's statement of an accelerated amount that is $20,643.62 higher than the actual amount owed constitutes a false representation of the character and amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

# VIII. REQUIRED ACTIONS

We hereby demand that PHL take the following immediate actions:

11. Acknowledge receipt of this Qualified Written Request within 5 business days as required by 12 C.F.R. § 1024.35(d).

12. Correct our account to reflect the accurate principal balance of $740,515.59 and correct delinquent amount of $34,766.80 (or provide detailed documentation explaining any difference).

13. Provide all requested documentation and information listed in Section VI above within 30 days as required by 12 C.F.R. § 1024.35(e)(1)(i).

14. Cease all collection activities, foreclosure proceedings, and credit reporting based on the erroneous billing statement until this matter is fully resolved.

15. Issue corrected billing statements reflecting the accurate amounts owed.

16. Provide written confirmation that our credit reports have not been negatively impacted by this billing error, and if they have been, take immediate steps to correct any inaccurate credit reporting.

# IX. PRESERVATION OF RIGHTS

This letter is written in an attempt to resolve this matter without litigation. However, we expressly reserve all legal rights and remedies available under federal and state law, including but not limited to:

- Claims under RESPA, 12 U.S.C. § 2605
- Claims under TILA, 15 U.S.C. § 1640
- Claims under the FDCPA, 15 U.S.C. § 1692
- Claims under applicable state consumer protection laws
- Requests for actual damages, statutory damages, and attorney fees
- Challenges to any foreclosure action based on this erroneous billing

## X. CONCLUSION

The claimed "accelerated amount due" of $800,926.01 is mathematically impossible and represents a material error that violates federal consumer protection laws. We have provided detailed calculations demonstrating that the correct accelerated amount, if acceleration is proper, should be approximately $780,282.39—a difference of $20,643.62.

We request immediate correction of this error and full documentation of PHL's calculations. Please respond to this Qualified Written Request within the timeframes required by RESPA. All responses should be sent to the address listed at the top of this letter.

We look forward to receiving PHL's prompt response and resolution of these errors.

Respectfully submitted,

Without Recourse & Without Prejudice

Bye: .................................................
Wanag Tahatan-Bey Bailor

Without Recourse & Without Prejudice

Bye: .................................................
Tanya Stutson-Bey Bailor

**Enclosure: Analysis of Planet Home Lending LLC Billing Statement Error**

cc: *[Attorney Sabaa D. Ghomashchi]*
*Consumer Financial Protection Bureau*
*[State Banking Regulator]*
*FTC, SEC, IRS, HUD, OCC, FDIC*

*We have a right to challenge Billing Error, because Billing Error Statement does not have anything to do with Case No. 3:25-cv-07345-WHO*

(6).

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 9589071052703004412357

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at the post office at 7:03 am on January 3, 2026 in BALTIMORE, MD 21264.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Post Office**
BALTIMORE, MD 21264
January 3, 2026, 7:03 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates                                          ˅

USPS Tracking Plus®                                           ˅

Product Information                                           ˅

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT (C)

**RE: PARAGRAPHS 47. PAGE (8). FINANCING STATEMENT DOC-2026-0011769 NOTICE OF UNCONTESTED SATISFACTION OF FULL SETTLEMENT AND UNCONTESTED AMENDMENT DOC-2026-0013172 CONSTRUCTIVE NOTICE OBLIGATION Loan no. 9102417425 IS CANCEL "TERMINATION"; DOC-2026-0014771 REPORTING IRS 1099-C EFFECTUATING CANCELLATION OF COLLATERAL UNCONTESTED.**

\* $ R 0 0 0 1 5 4 8 6 8 7 $ \*

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Request Record By
Wanag Tahatan-Bey & Tanya Stutson-Bey
3684 Mallard Ct
Antioch, California 94509

Mail To
Wanag Tahatan-Bey
3684 Mallard CT
Antioch, Ca 94509

CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
**DOC - 2026-0011769**
Thursday, Feb 5, 2026 11:29:29
SB2 Fee:$75.00

Total Paid: $98.00          Receipt#: 202600011563

0000 - Public                      209 / WINDOW3 / 1-5

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| TAHATAN-BEY | WANAG | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3684 MALLARD CT | ANTIOCH | CA | 94509 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| STUTSON-BEY | TANYA | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3684 MALLARD CT | ANTIOCH | CA | 94509 | USA |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EXPRESS INTER VIVOS LIVING TRUST | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 201 13th Street Unit #12367 | Oakland | Ca | 94604 | USA |

4. This FINANCING STATEMENT covers the following collateral:

This constructive notice on December 31, 2024 Express Inter Vivos living Trust issue trust res-credit distribution via Schedule K-1 (Form 1041) with 1099-R Credit of $813,597.12 to Planet Home Lending, LLC as "Beneficiary" for satisfaction of account No. 9102417425 as it relates to 3684 MALLARD CT, ANTIOCH, CALIFORNIA 94509. Total Deposit $1,564,558.00 which recoupment for overpayment is mandated as it relates to 1099-B reporting. Satisfaction of Full Settlement of Debt as it relates to APN: 075-441-018-1  See Exhibit A

LEGAL DESCRIPTION:

Lot 1269, as shown on the map of Subdivision 6921, Filed November 4, 1988 in Book 327 of Maps, Page 27, Contra Costa County Record

5. ALTERNATIVE DESIGNATION [if applicable]: □ LESSEE/LESSOR  □ CONSIGNEE/CONSIGNOR  □ BAILEE/BAILOR  □ SELLER/BUYER  ☑ AG. LIEN  □ NON-UCC FILING

6. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]    □ All Debtors  □ Debtor 1  □ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

OR

12a. ORGANIZATION'S NAME
Express Inter Vivos Living Trust

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

OR

13a. ORGANIZATION'S NAME

13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

14. ADDITIONAL SPACE FOR (CHECK ONE BOX): [✓] ITEM 8 (Collateral) OR [ ] OTHER INFORMATION (Please Describe)



15. This FINANCING STATEMENT AMENDMENT:
[ ] covers timber to be cut  [ ] covers as-extracted collateral  [✓] is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

Latitude 37.979057  Wang Tahatan-Bey
Longitude -121.850046  Tanya Stutson-Bey
GSP Coordinate  Record owner
36* 58' 44.6062" N
121* 51' 0.1656" W
3684 Mallard Ct Antioch, Ca 94509
3Bed 2Bath, 2,236 Sq Ft Build 2011
MLS# 41050582

17. Description of real estate:
Lot 1269, as shown on the Map of Subdivision 6921, Filed Nov 4, 1988 Book 327 of Maps Page 27 Contra Costa Record



18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 07/01/23)

__April 18, 2025__                                                    __Satisfaction of Full Settlement__

## SATISFACTION OF FULL SETTLEMENT PRIVATE TRUST CREDIT DISTRIBUTION SCHEDULE K-1 and 1099-R; 1099-B

Note Identification Number: 4002426855
Date of Original Note: March 19, 2024
Issuer of Note: NOBODY WANAG TAHATAN-BEY & TANYA STUTSON-BEY
Debtors: NOBODY WANAG TAHATAN-BEY & TANYA STUTSON-BEY
Trust Credit/Issuer: Express Inter Vivos Living Trust 85-6524818
Date of Satisfaction: April 18, 2025, for Tax Year 2024
Principal Amount: $750,991.12
Settlement Amount: $813,598.12
Mortgage Obligation Satisfied Amount Credit to: PLANET HOME LENDING LLC Account No. 9102417425 for Beneficiaries/Grantors/Bailors APN: 075-441-018-1

WHEREAS, On April 18, 2025, Express Inter Vivos Living Trust "The Trust" issue Trust Distribution using IRS Schedule K-1(Form1041) making PLANET HOME LENDING LLC, "Beneficiary" and payment on the 1099-R, in the amount of $813,598.12 and reporting on 1099-B for IRS audit, and

WHEREAS, The Trust has tendered full payment and satisfaction of all obligations under the Trust Distribution of $813,598.12 which has been received and accepted by PLANET HOME LENDING LLC "PHL" as full and final settlement; and

WHEREAS, "PHL" has received notice via letter correspondence to acknowledge that all financial obligations pursuant to IRS acceptance of the Sch K-1 and 1099-R, and the IRS reporting 1099-B Mortgage Obligation have been fully satisfied and discharged.

WHEREAS, PHL has failed to credit Grantors/Beneficiaries/Bailors Account No. 9102417425; and continues to make attempts to obtain unjust enrichment which breaches collection of extensions of credit by extortionate means, which triggered Fair Debt Collection Private Act (FDCPA).

__EXHIBIT (A)__

NOW THEREFORE, The Trust hereby certifies and declares the following:

1. Full Satisfaction: PHL acknowledges receipt of the Settlement Amount of $813,598.12 paid by The Trust via by PHL acquiesces and/or omission, "Silence is Acceptance"

2. Release of Obligations: NOBODY WANAG TAHATAN-BEY & TANYA STUTSON-BEY HUSBAND & WIFE are hereby released and discharged from all financial mortgage obligations, liabilities, or duties arising from or related to the Mortgage Note Obligations, including but not limited to principal, interest, penalties, or other charges.

3. ASSIGNMENT BY THE TRUST

   * For Ten Dollar ($10.00) and other good and value consideration, receipt whereof is hereby acknowledged, the undersigned Assignees "as Beneficiaries to received consideration of certain Trust Distribution Money of Account "Credit" created by Express Iner Vivos Living Trust hereby assigned and transfers all rights, title, interest, and benefit in THE TRUST assets as it relates to Satisfaction of Mortgage Obligations via Account No. 9102417425 under said trust to NOBODY NAMES WANAG TAHATAN-BEY & TANYA STUTSON-BEY authorizes the trustee irrevocably as Authorized Signatory for the The Trust to issue payment/trust distribution out of said trust property and/or assets.

   Therefore, since PHL failed to report 1099-C, The Trust will issue-forth Correction 1099-C for cancellation of the Mortgage/Lien obligations.

4. Authority: The Express Inter Vivos Living Trust has represents and warrants that the trust has full authority to execute this Satisfaction of Full Settlement and Execute IRS reporting via corrected 1099-C on behalf of the assignees herein.

IN WITNESS WHEREOF, the undersigned has executed this Satisfaction of Full Mortgage Obligations as it relates to the Mortgage Lien APN: 075-441-018-1, address 3684 Mallard CT, Antioch, California 94509; and executed ASSIGNMENT BY THE TRUST

By: *Wanag Tahatn Bey*

**EXHIBIT (A)**

A notary public or other officer completing this certificate Verities only the identity of the individual who signed the Document to which this certificate is attached, and not The truthfulness, accuracy, or validity of that document.

State of California

County of Contra Costa

On February 4, 2026, before me, _Preeti Saini Notary Public_

Personally appeared Wanag Tahatan-bey who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity(ies), and that by his signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_Preeti Saini_____ (Seal)



PREETI SAINI
Notary Public • California
Contra Costa County
Commission # 2416955
My Comm. Expires Sep 19, 2026

EXHIBIT (A)

I hereby certify that this is a true
And correct copy of the original
On file in this office

ATTEST  FEB 0 5 2026

KRISTIN B. CONNELLY
County Clerk
Contra Costa County, California
By_____Deputy Clerk

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Request Record By: **Wanag Tahatan-Bey & Tanya Stutson-Bey** natural persons only

Mail to: **Wanag Tahatan-Bey & Tanya Stutson-Bey 3684 Mallard Ct Antioch, California 94509**

**\* $ R 0 0 0 1 5 5 0 9 8 8 $ \***

CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
**DOC - 2026-0013172**
Tuesday, Feb 10, 2026 12:25:06
SB2 Fee: $75.00

Total Paid: **$88.00**          Receipt #: **202600013113**

0000 - Public                                                185 / WINDOW3 / 1-2

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| **DOC-2026-0011769    CONTRA COSTA COUNTY** | ☑ |

2. ☑ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☑ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☑ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| **TAHATAN-BEY** | **WANAG** | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **EXPRESS INTER VIVOS LIVING TRUST** | | | |

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **201 13TH ST UNIT 12367** | **OAKLAND** | **Ca** | **94604-5701** | **uSA** |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Living Trust** | 7f. JURISDICTION OF ORGANIZATION **United States Washington, DC** | 7g. ORGANIZATIONAL ID #, if any **85-6524818/ TXu 2-347-364** ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☑ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

This is a constructive notice obligation 9102417425 is cancel and the tax liability income is transfer to PHL pursuant to IRS submission 1099-C, for the effectuating Cancellation of obligation re APN: 075-441-018-1 re 3684 Mallard Ct, Antioch, California 94509,
when the Trust issue distribution income via Sch K-1 to PHL as the "Beneficiary" it extinguished any alleged remaining balance, and void ab initio any enforcement, otherwise re-create no interest in the obligation pursuant to Full faith and credit act H.R. 807. The Internal Revenue Code establishes a comprehensive statutory scheme for taxation of trusts and estate under Subchaper J (26 USC sections 641,692) including mandatory reporting requirements for trust distribution to Beneficiary. Federal Tax Law governs the characterization Treatment of income Trust Distributions.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **EXPRESS INTER VIVOS LIVING TRUST** | | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA

The rite of blood cannot be destory by Ultra Vires Acts by any Third-Party or Parties or Artifical entities, corportion

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

DOC-2026-0011769

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME

Express Inter Vivos Living Trust

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR

13b. INDIVIDUAL'S SURNAME    FIRST PERSONAL NAME    ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

14. ADDITIONAL SPACE FOR (CHECK ONE BOX):    ☑ ITEM 8 (Collateral)  OR  ☐ OTHER INFORMATION (Please Describe)



15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut    ☐ covers as-extracted collateral    ☑ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

Wa Nag Tahatan-Bey
Tanya Statson-Bey

Latitude 37.979057
Longitude -121.850046
GSP Coordinate
36* 58' 44.6062" N
121* 51' 0.1656" W
3684 Mallard Ct Antioch, Ca 94509
3Bed 2Bath, 2,236 Sq Ft Build 2011
MLS# 41050582

17. Description of real estate:

Lot 1269, as shown on the Map of Subdivision 6921, Filed Nov 4, 1988 Book 327 of Maps Page 27 Contra Costa Record



18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 07/01/23)

I hereby certify that this is a true
And correct copy of the original
On file in this office

ATTEST     FEB 10 2026

KRISTIN B. CONNELLY
County Clerk
Contra Costa County, California
By_____ Deputy Clerk

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)**

**B. E-MAIL CONTACT AT SUBMITTER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Requested by: Express Inter Vivos Living TR
Mail: Wanag Tahatan-Bey & Tanya Stutson-Bey
3684 Mallard CT, Antioch, California 94509

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

*$R0001553335$*

CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
**DOC -2026-0014771**
Friday, Feb 13, 2026 12:05:37
SB2 Fee:$75.00

Total Paid: $88.00          Receipt#: 202600014661
0000 - Public
                            185 / WINDOW3 / 1-2

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
DOC-2026-0012133  2/6/2026  Contra Costa County

**1b.** ☑ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

**2.** ☑ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT:** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in Item 8 and describe the affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5. PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    AND  Check one of these three boxes to:

This Change affects ☑ Debtor or ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| TAHATAN-BEY | WANAG | | |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S SURNAME | | | |
|---|---|---|---|
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8. COLLATERAL CHANGE:** Check only one box: ☐ ADD collateral  ☑ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN* collateral

Indicate collateral:  *Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

This is a constructive notice of delete collateral in DOC-2026-0012133 as it relates to 1099-C IRS submission for the effectuating Cancellation of obligation re 9102417425, APN: 075-441-018-1; 3684 Mallard Ct, Antioch, California 94509

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EXPRESS INTER VIVOS LIVING TRUST | | | |

OR

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

**10. OPTIONAL FILER REFERENCE DATA:**
The rite of Blood cannot be destory by any Ultra Vires Acts by Third-Party or Corporate Agents

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form
**DOC-2026-0012133**

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME
**EXPRESS INTER VIVOS LIVING TRUST**

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)          SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR

13b. INDIVIDUAL'S SURNAME          FIRST PERSONAL NAME          ADDITIONAL NAME(S)/INITIAL(S)          SUFFIX

14. ADDITIONAL SPACE FOR (CHECK ONE BOX):   [X] ITEM 8 (Collateral)   OR   [X] OTHER INFORMATION (Please Describe)

The collateral as exhibit(a) within DOC-2026-0012133 are now delete pursuant to IRS 1099-C submitted and acceptance by Department of the Treasury 1099-C is retire and cancell account 9102417425 re 3684 Mallard Ct Antioch, California 94509



15. This FINANCING STATEMENT AMENDMENT:

[ ] covers timber to be cut   [ ] covers as-extracted collateral   [X] is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):
**Wanag Tahatan-Bey & Tanya Stutson-Bey Onwer/Grantors**
**Lat; 37.979057**
**Long: -121.850046**
**GSP Coordinate**
**36* 58' 44.6062" N**
**121* 51' o.1656" W**
**3684 mallard Ct Antioch, California 94509**
**3Bed, 2bath, 2,236 Sq Ft Build 2011**
**MLS # 41050582**

17. Description of real estate:
**Lot 1269, as shown on the Map of Subdivision 6921, filed Nov 4, 1988 Book 327 of Maps Page 27 Contra Costa Record**



18. MISCELLANEOUS:
**The rite of blood cannot be destroy by any Ultra Vires Act by any Third-Party, servicer, title company, attorneys, corporation**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 07/01/23)
International Association of Commercial Administrators (IACA)

I hereby certify that this is a true
And correct copy of the original
On file in this office

ATTEST FEB 13 2026

KRISTIN B. CONNELLY
County Clerk
Contra Costa County, California
By_____ Deputy Clerk

\* $R 0 0 0 1 5 4 9 3 3 6 $ \*

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Request Record By: Wanag Tahatan-Bey & Tanya
Stutson-Bey

Mail to: Wanag Tahatan-Bey & Tanya Stutson-Bey
3684 Mallard Ct Antioch, California 94509

CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
**DOC - 2026-0012133**
Friday, Feb 6, 2026 09:45:55
SB2 Fee:$75.00

Total Paid: $98.00        Receipt#: 202600011988
0000 - Public                                209 / WINDOW2 / 1-3

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1a. INITIAL FINANCING STATEMENT FILE #**
DOC-2026-0011769   *Contra Costa County*

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. [✓]

**2.** [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** [✓] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [✓] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | [ ] DELETE name: Give record name to be deleted in item 6a or 6b. | [✓] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| **TAHATAN-BEY** | **WANAG** | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EXPRESS INTER VIVOS LIVING TRUST | | | |

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **201 13TH ST UNIT 12367** | **OAKLAND** | Ca | **94604-5701** | uSA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | **Living Trust** | **United States Washington, DC** | **85-6524818/ TXu 2-347-364** [ ] NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral [ ] deleted or [✓] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

This is a constructive notice to continuation of collateral to Financing Statement DOC-2026-011769 re IRS submission 1099-C, for the effectuating Cancellation of obligation re APN: 075-441-018-1 re 3684 Mallard Ct, Antioch, California 94509

**SEE ATTACHED EXHIBIT (A)**

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [✓] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME *Express Inter Vivos Living Trust* | | | |
|---|---|---|---|

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
The rite of blood cannot be destory by Ultra Vires Acts by any Third-Party or Parties

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME

Express Inter Vivos Living Trust

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR

13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

14. ADDITIONAL SPACE FOR (CHECK ONE BOX): [✓] ITEM 8 (Collateral) OR [ ] OTHER INFORMATION (Please Describe)



15. This FINANCING STATEMENT AMENDMENT:
[ ] covers timber to be cut   [ ] covers as-extracted collateral   [✓] is filed as a fixture filing
16. Name and address of a RECORD OWNER of real estate described in item 17
(if Debtor does not have a record interest):

Latitude 37.979057   WaNag Tahatan-Bey
Longitude -121.850046  Tanya Stetson-Bey
GSP Coordinate   OWNER/Grantor
36* 58' 44.6062" N
121* 51' 0.1656" W
3684 Mallard Ct Antioch, Ca 94509
3Bed 2Bath, 2,236 Sq Ft Build 2011
MLS# 41050582

17. Description of real estate:
Lot 1269, as shown on the Map of Subdivision 6921, Filed Nov 4, 1988 Book 327 of Maps Page 27 Contra Costa Record



18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 07/01/23)

RB 237 732 273 US 4 3488701

## Form 1099-C (top)

8585    ☐ VOID    ☐ CORRECTED

**CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.**

Planet Home Lending LLC
321 Research Parkway Ste: 303
Meriden, CT 06450

**1 Date of identifiable event** 03192024

**2 Amount of debt discharged** $805111.45

**3 Interest, if included in box 2** $

OMB No. 1545-1424

Form **1099-C**
(Rev. January 2022)

For calendar year 20**25**

**Cancellation of Debt**

**CREDITOR'S TIN** 26-0362771

**DEBTOR'S TIN** XX-XXX9528

**4 Debt description** 9102427425 red. of Public Dept

**Copy A**

**DEBTOR'S name** TANYA RENEA STUTSON ESTATE

**For Internal Revenue Service Center**

**Street address (including apt. no.)** 2730 W.Trega lkas Rd #3972 c/o ESTATE EX Kevin Paul Woodroff

**5 Check here if the debtor was personally liable for repayment of the debt** ☐

**City or town, state or province, country, and ZIP or foreign postal code** Antioch, California 94509

**File with Form 1096.** For Privacy Act and Paperwork Reduction Act Notice, see the current General Instructions for Certain Information Returns.

**Account number (see instructions)** RB 237 732 273 US-9102427425

**6 Identifiable event code** H

**7 Fair market value of property** $805111.45

Form **1099-C** (Rev. 1-2022)    Cat. No. 26280W    www.irs.gov/Form1099C    Department of the Treasury - Internal Revenue Service

**Do Not Cut or Separate Forms on This Page — Do Not Cut or Separate Forms on This Page**

## Form 1099-C (middle - VOID)

8585    ☒ VOID    ☐ CORRECTED

**CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.**

**1 Date of identifiable event**

**2 Amount of debt discharged** $

**3 Interest, if included in box 2** $

OMB No. 1545-1424

Form **1099-C**
(Rev. January 2022)

For calendar year 20___

**Cancellation of Debt**

**CREDITOR'S TIN**

**DEBTOR'S TIN**

**4 Debt description**

**Copy A**

**DEBTOR'S name**

**For Internal Revenue Service Center**

**Street address (including apt. no.)**

**5 Check here if the debtor was personally liable for repayment of the debt** ☐

**City or town, state or province, country, and ZIP or foreign postal code**

**File with Form 1096.** For Privacy Act and Paperwork Reduction Act Notice, see the current General Instructions for Certain Information Returns.

**Account number (see instructions)**

**6 Identifiable event code**

**7 Fair market value of property** $

Form **1099-C** (Rev. 1-2022)    Cat. No. 26280W    www.irs.gov/Form1099C    Department of the Treasury - Internal Revenue Service

**Do Not Cut or Separate Forms on This Page — Do Not Cut or Separate Forms on This Page**

Exhibit (A)

## Form 1099-C (bottom - VOID)

8585    ☒ VOID    ☐ CORRECTED

**CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.**

**1 Date of identifiable event**

**2 Amount of debt discharged** $

**3 Interest, if included in box 2** $

OMB No. 1545-1424

Form **1099-C**
(Rev. January 2022)

For calendar year 20___

**Cancellation of Debt**

**CREDITOR'S TIN**

**DEBTOR'S TIN**

**4 Debt description**

**Copy A**

**DEBTOR'S name**

**For Internal Revenue Service Center**

**Street address (including apt. no.)**

**5 Check here if the debtor was personally liable for repayment of the debt** ☐

**City or town, state or province, country, and ZIP or foreign postal code**

**File with Form 1096.** For Privacy Act and Paperwork Reduction Act Notice, see the current General Instructions for Certain Information Returns.

**Account number (see instructions)**

**6 Identifiable event code**

**7 Fair market value of property** $

Form **1099-C** (Rev. 1-2022)    Cat. No. 26280W    www.irs.gov/Form1099C    Department of the Treasury - Internal Revenue Service

I hereby certify that this is a true
And correct copy of the original
On file in this office

ATTEST FEB 06 2026

KRISTIN B. CONNELLY
County Clerk
Contra Costa County, California
By_____ Deputy Clerk