Wanag Tahatan-Bey
Tanya Stutson-Bey
c/o 2730 W. Tregallas Rd. #3972
Antioch, California 94509
Telephone: (925) 477-9454
Email: wanagtahatan65@yahoo.com
**Principal in Chief Remainderman**

**FILED**

**MAR 3 1 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WANAG TAHATAN-BEY and TANYA STUTSON-BEY,**<br>Plaintiffs,<br>v.<br>**PLANET HOME LENDING, LLC; EQUITY PRIME MORTGAGE, LLC; and DOES 1-50,**<br>Defendants. | Case No. 3:25-cv-07345-WHO<br>Judge: Hon. William H. Orrick<br><br>**PLAINTIFFS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date: May 06, 2026**<br>**Time: 2:00 pm**<br>**Courtroom: 2, 17th Floor** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Wanag Tahatan-Bey and Tanya Stutson-Bey move to dismiss the claims asserted by Defendants Planet Home Lending, LLC ("PHL") and Equity Prime Mortgage, LLC ("EPM") or, in the alternative, for summary judgment. Styled in the same courtroom format as Plaintiffs' prior opposition, this motion is directed at the pleading and proof defects Plaintiffs contend still remain: the absence of a debtor-authenticated separate security agreement or pledge agreement in favor of PHL or EPM, the failure to identify the precise authority each Defendant now claims to hold, and the continuing refusal to produce a full accounting and reconciliation of the loan records.

Plaintiffs do not dispute that an ordinary residential loan transaction typically includes a promissory note and a deed of trust. The motion instead targets any broader attempt by PHL or EPM to assert ownership, collection, or collateral rights beyond what their own disclosed records actually establish. Plaintiffs' position is that Defendants cannot rely on a deed of trust, a transaction history, and a corporate assignment alone while omitting the accounting, authority, and chain-of-title materials necessary to prove the rights they now assert.

In that posture, dismissal is appropriate to the extent Defendants' claims or defenses depend on conclusory assertions of standing, ownership, or enforcement authority unsupported by pleaded facts. Alternatively, if the Court considers matters beyond the pleadings, summary judgment is appropriate because there is no genuine dispute that Plaintiffs did not authenticate any separate security agreement or pledge agreement in favor of PHL or EPM with respect to the promissory note or any asserted personal-property collateral theory.

1

> **Core motion point:** PHL and EPM rely on the deed of trust, an assignment, and a transaction history, but those selected materials do not identify any separate debtor-authenticated security agreement or pledge agreement, do not resolve the missing ledger-level accounting and reconciliation issues, and do not by themselves establish the precise present authority each Defendant claims to hold.

## I. LEGAL STANDARDS

A motion to dismiss tests whether the challenged claims contain sufficient factual matter to state a plausible claim for relief. Labels, conclusions, and formulaic recitations do not suffice. Where a party asserts standing, ownership, or enforcement authority, the pleading must allege facts showing how that authority was acquired and why the claimant is presently entitled to the relief sought.

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Once the absence of proof on a material element is shown, the opposing party must identify admissible evidence creating a triable dispute rather than resting on conclusion or implication.

## II. RELIEF REQUESTED

- Plaintiffs request dismissal of any claims asserted by PHL and EPM to the extent those claims depend on unverified standing, incomplete chain-of-title allegations, conclusory assertions of ownership, or failure to plead a plausible entitlement to relief.
- In the alternative, Plaintiffs request summary judgment because there is no genuine issue of material fact that Plaintiffs did not execute any separate security agreement or pledge agreement in favor of PHL or EPM concerning the promissory note, any payment intangible, or any other asserted personal-property collateral.
- Plaintiffs also request such other and further relief as the Court deems just, including targeted production or an order requiring Defendants to identify the exact documents on which each claimed right depends.

## III. STATEMENT OF UNDISPUTED OR OPERATIVE FACTS

- Plaintiffs executed a promissory note and deed of trust in connection with the subject home loan.
- Plaintiffs did not execute any separate security agreement granting a security interest in the promissory note to PHL, EPM, or their predecessors.
- Plaintiffs did not execute any separate pledge agreement in favor of PHL or EPM concerning the promissory note, payment intangibles, servicing rights, or other personal-property collateral now being suggested.
- PHL has relied on the Deed of Trust, a Transaction History Report, and a Corporate Assignment of Deed of Trust involving MERS as nominee for EPM, but has not provided the full accounting, reconciliation, ownership trail, or authority documentation Plaintiffs demanded.
- PHL and EPM have not produced a debtor-authenticated security agreement satisfying U.C.C. section 9-203(b)(3)(A) for any separate personal-property collateral theory.
- PHL and EPM continue to assert servicing, collection, or ownership-related rights despite the unresolved accounting and authority disputes.

2

## IV. ARGUMENT

### A. The attached defense outline states the core point plainly.

The uploaded outline framing this motion states, in substance, that a claimant must demonstrate standing by proving a legally enforceable interest in the note; that attachment under U.C.C. section 9-203 requires value, rights in the collateral, and a debtor-authenticated security agreement describing the collateral; that no genuine issue of material fact exists where no evidence of a debtor-granted security interest exists; and that servicing rights alone do not equate to ownership or secured-party status. Plaintiffs adopt that framing here as the basic issue presented to the Court.

Plaintiffs' motion is therefore not a generalized attack on mortgage practice. It is a narrower challenge to Defendants' failure to identify a complete, legally sufficient basis for the rights they now assert in this case.

### B. Article 9 requires attachment for any separate personal-property security-interest theory.

To the extent PHL or EPM attempt to rely on any theory that the note, payment stream, proceeds, or related intangibles became collateral subject to a separate Article 9 security interest, attachment must still be shown. Under U.C.C. section 9-203, a security interest is enforceable against the debtor and third parties only if value has been given, the debtor has rights in the collateral, and the debtor has authenticated a security agreement that provides a description of the collateral.

Plaintiffs contend no such debtor-authenticated security agreement or pledge agreement exists. The absence of that document is fatal to any effort to expand Defendants' rights beyond the ordinary real-property instruments already identified.

### C. California Commercial Code section 9109(d)(11) narrows, rather than saves, Defendants' position.

California Commercial Code section 9109(d)(11) excludes the creation or transfer of an interest in or lien on real property from Division 9 except in limited respects. That exclusion means Defendants cannot blur the line between an ordinary deed-of-trust interest governed by real-property principles and a separate Article 9 collateral theory that would still require attachment. If Defendants rely only on the note and deed of trust, they must prove their rights through that chain. If Defendants rely on a separate personal-property collateral theory, they must show the debtor-authenticated agreement required by section 9-203. Either way, the present record remains incomplete.

### D. Carpenter, Yvanova, and Cervantes show why proof of an enforceable chain and present authority matters.

The Supreme Court has long recognized that the note and mortgage are linked, and that the right to enforce must track a valid transfer of the enforceable obligation. California law likewise recognizes that only a valid beneficiary or its authorized agent may invoke foreclosure-related rights. Ninth Circuit authority explaining the ordinary note-and-deed-of-trust structure does not

eliminate the need for proof; it merely describes the baseline transaction. Plaintiffs do not rely on a bare split-the-note theory. Plaintiffs argue that Defendants must identify and support the exact rights they claim, especially where their own production omits the full accounting and authority trail.

## E. The pleading record is insufficient under federal pleading standards.

To survive dismissal, PHL and EPM must plead facts, not conclusions, showing how each entity acquired and now holds the specific rights it asserts. If PHL is merely a servicer, it must identify whose authority it invokes. If EPM claims to retain some present interest, it must identify the factual basis for that interest notwithstanding the assignment and later servicing structure. General references to assignments, servicing transfers, or transaction reports do not by themselves resolve the issues of standing, authority, or accounting raised here.

## F. Summary judgment is appropriate if Defendants cannot produce the dispositive documents.

If the Court reaches Rule 56, there is no genuine issue of material fact if PHL and EPM cannot produce any separate security agreement executed by Plaintiffs, any separate pledge agreement, or any authenticated record showing that Plaintiffs granted to PHL or EPM a security interest in the note or other asserted personal-property collateral. On this record, Defendants' position depends on inference from selected servicing and assignment materials rather than the dispositive grant documents Plaintiffs say do not exist.

Where the material document has not been produced and the nonmovant relies instead on characterization, summary judgment may be entered because the failure of proof goes to an essential element of the asserted right.

## G. Alternative request for targeted production or conversion procedure.

If the Court concludes that dismissal or summary judgment cannot be granted on the present record alone, Plaintiffs alternatively request an order requiring PHL and EPM to identify and produce the exact documents on which each claimed right depends, including any alleged security agreement, pledge agreement, all assignments relied upon, and the full accounting and reconciliation sufficient to show the amount due, the application of credits and proceeds, and the identity of the party with present enforcement authority.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss the claims asserted by Defendants Planet Home Lending, LLC and Equity Prime Mortgage, LLC or, in the alternative, enter summary judgment in Plaintiffs' favor on the issues presented by this motion. If the Court determines that a narrower procedural course is appropriate, Plaintiffs request targeted production and any other relief necessary to require Defendants to identify the exact documents and authority on which they rely.

Acknowledges Sprinkled Blood Heirship beneficiary Wanag Tahatan-Bey & Tanya Stutson-Bey as private national civilian the Custody and Control to Security Interest without Usufruct lay with Debtors security agreement claim all rights in the note and collateral. No authority to Public Appropriations to the Dominant or Servient Estate/Trust who has Full Faith & Credit, No Consent to Participation in Prohibited Tax Shelter Transactions; No Consent to Corpus Attachment; No Consent to Trafficking private national civilian non-military into Foreign Federal Trade Zones.

The scepter shall not depart from Judah, nor a lawgiver from between his feet, till Shikoh comes. Genesis xliix;I, ephesians i:xii; Isaiah xliii:I xlv; xvii; xlv: xxv; xlv;iii; xlvi; xlix

If we receive the witness of men, the witness of God is greater: for this is the witness of God which he hath testified of his Son, first john five verse nine

Dated: March 31, 2026

Respectfully submitted,

Bye:.......................................................................
Wanag Tahatan-Bey, Principal in Chief Remainderman

Bye:.......................................................................
Tanya Stutson-Bey, Principal in Chief Remainderman

5